

**U.S. Department of Justice**

*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*        *United States Courthouse, Suite 9200*
                                        *1 Courthouse Way*
                                        *Boston, Massachusetts 02210*

October 29, 2004

Max Stern, Esq.
Stern, Shapiro, Weissberg & Garin LLP
90 Canal Street
Boston, MA 02114-2022

**RE:  United States v. Marko Boskic**
     **Cr. No. 04-10298-DPW**

Dear Attorney Stern:

    Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery in the above-referenced case:

A.   <u>Rule 16 Materials</u>

1.   <u>Statements of Defendant under Rule 16 (a)(1)(A)</u>

    a.   <u>Oral Statements to Then Known Government Agents</u>

    The following documents are enclosed:

    (1) ICE ROI, Interview of Defendant, 8/25/04 (7 pages); and
    (2) FBI 302, Interview of Defendant, 8/25/04 (6 pages).

    b.   <u>Written Statements</u>

    Enclosed are the following relevant written statements made by the defendant in the possession, custody or control of the government, the existence of which is known to the attorney for the government:

    (1)   Warnings as to Rights, English version, 8/25/04 (1 page);
    (2)   Warnings as to Rights, Croatian version, 8/25/04 (1 page);

    (3)   Defendant's handwritten statement, 8/25/04 (6 pages);
    (4)   Defendant's handwritten statement, English translation (3 pages); and
    (5)   Defendant's handwritten statement, English translation (FBI 302 version)(3 pages).

    c.   <u>Recorded Statements</u>

Enclosed are copies of:

(1) Defendant's recorded telephone call while held at Essex County Correctional Facility (5 CDs); and
(2) Defendant's recorded telephone call while held at Plymouth County correctional Facility (1 CD).

    d.   <u>Grand Jury Testimony of the Defendant</u>

The defendant did not testify before a grand jury in relation to this case.

2.   <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

The government understands you received a copy of the defendant's record at the initial appearance.

3.   <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

Enclosed are copies of all books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendant's defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendant.  The originals may be inspected by contacting the undersigned Assistant U.S. Attorney and making an appointment to view the same at a mutually convenient time.

These materials include:

(1)   Relevant documents from Defendant's A file (71 pages);
(2)   U.S. reconnaissance satellite photograph (1 page);
(3)   Vehicle utilization log for Zvornik Brigade flatbed truck (2626.pdf);
(4)   Zvornik Brigade fuel dispersal log (fuel.pdf);
(5)   Daily orders log of engineer company of Zvornik Brigade (englog.pdf);
(6)   Vehicle utilization log of ULT 200 (ult.pdf);
(7)   "Drinksi" magazine article (drinski.pdf);

      (8)   Intercepts (intercept1.pdf);
      (9)   Fuel receipt (popovic16.pdf); and
      (10)  Vehicle utilization log, July 16, 1995 (sec.pdf).

4.    <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

      Enclosed in electronic format are the following documents:

      (1)   Report of William Haglund; and
      (2)   Report of Richard Wright.

      A copy of any other secondary grave site and autopsy reports which have not been yet received will be provided to you upon receipt by this office.

B.    <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

      A consent search was conducted at 111 Foster Street, Apartment 311, Peabody, Massachusetts on August 25, 2004 by the FBI.  Enclosed is a copy of a the FBI report describing that search and a copy of the written Consent to Search form (in English and Croatian) obtained in relation to the search.

C.    <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

      No oral, wire, or electronic communications of the defendant as defined in 18 U.S.C. § 2510 were intercepted relating to the charges in the indictment.

D.    <u>Consensual Interceptions under Local Rule 116.1(C)(1)(d)</u>

      Tape recordings were made of telephone conversations and personal meetings involving the defendant.  Copies of these recordings will be made available for your review subsequent to the parties discussions regarding the matter and the Court's review of the Government's Motion for Protective Order.

E.    <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

      There is no conspiracy count charged in the indictment.

F.    <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

      The defendant was not the subject of an investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendant.

G.  <u>Exculpatory Evidence Under Local Rule 116.2(B)(1)</u>

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states that the following information is known to the government, but is not discoverable because, among other reasons, it does not constitute exculpatory evidence in this case. Moreover, even were this evidence exculpatory, the government would decline to produce it pursuant to Local Rule 116.6 on the grounds that such disclosure may put the witnesses at a significant risk of harm. Nevertheless, the government states:

(1)  The government is aware of information from a confidential informant ("CI1"), who is not a witness that the government anticipates calling in its case in chief, that the defendant was drinking alcohol on the day of the killings at Branjevo Farm.

(2)  The government is aware of information from a confidential informant ("CI2"), who is not a witness that the government anticipates calling in its case in chief, that individual soldiers who refused to obey orders were at risk of being shot by their superiors.

(3)  The government is aware of information from a confidential informant ("CI3"), who is not a witness that the government anticipates calling in its case in chief, that soldiers were trained to obey orders.

(4)  Any information pursuant to Local Rule 116.2 regarding the CW involved in consensual recordings with the defendant will be produced subsequent to the Court's review of the Government's Motion for Protective Order.

H.  <u>Other Matters</u>

The government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

    Please call the undersigned Assistant U.S. Attorney at (617) 748-3176 if you have any questions.

                       Very truly yours,

                       MICHAEL J. SULLIVAN
                       United States Attorney

              By:  <u>/s/ Kimberly P. West</u>
                    KIMBERLY P. WEST
                    Assistant U.S. Attorney

_____

enclosures

cc:  Maria Simeone
    Clerk to the Honorable Lawrence P. Cohen
    (without enclosures)