UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Criminal No.
04-10298-DPW

UNITED STATES OF AMERICA

v.

MARKO BOSKIC

ORDER ON MOTION TO
CONTINUE FINAL STATUS CONFERENCE
AND
<u>ORDER ON EXCLUDABLE TIME</u>

January 24, 2005

COHEN, M.J.

     Pursuant to Rules 7.1(d) and (e) of the Local Rules of this Court [effective September 1, 1990], and upon review of the relevant pleadings, the Motion to Continue Final Status Hearing (# 23) is allowed subject to the excludable time order set forth below.  The Final Status Conference is continued to Thursday, February 17, 2005, at 2:00 p.m., before a magistrate judge to be determined.[1]  Counsel for the respective parties shall file a Joint Memorandum addressing the matters set forth in LR 166.5(C)(1) through (9) before the close of business, Tuesday, February 8, 2005.

---

[1] With the retirement of the undersigned, this case will be reassigned on a random basis to another magistrate judge.  At the time of the entry of this order, that reassignment has yet to be accomplished.  Counsel for the respective parties shall consult with Ms. Ginny Hurley, Learning and Development Manager, in the Clerk's office [(617) 748-9166], to determine the identity of the magistrate judge to whom this case has been reassigned.  That magistrate judge, in turn, may change the date and/or time of the final status conference.  If the date is after February 17, 2005, then this Order of Excludable Time shall not terminate until that latter date.

This court finds and concludes, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), that the interests of justice - *i.e.*, in this case, to provide the defendant additional time to complete review of discovery materials and determine whether any motions will be filed[2] - outweighs the best interests of the public and the defendant for a trial within seventy days of the return of an indictment.

Accordingly, it is hereby ordered that, pursuant to the provisions of 18 U.S.C. §3161(h)(8) and Section 6(b)(8) of the Plan for Prompt Disposition of Criminal Cases in the United States District Court for the District of Massachusetts (Statement of Time Limits Adopted by the Court and Procedures for Implementing Them, Effective July 1, 1980), the Clerk of this Court enter excludable time, commencing Monday, January 24, 2005, and concluding Thursday, February 17, 2005, the date of the next conference as set forth above.[3]

*[signature]*
_____
UNITED STATES MAGISTRATE JUDGE

---

[2]   Any and all motions shall be filed on or before the close of business, February 16, 2005, and no further extensions of time shall be allowed for the filing of pretrial motions.

[3]   The parties are hereby advised that under the provisions of Rule 2(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party may move for reconsideration by a district judge of the determination(s) and order(s) set forth herein within ten (10) days after receipt of a copy of this order, unless a different time is prescribed by this court or the district judge. The party seeking reconsideration shall file with the Clerk of this Court, and serve upon all parties, a written notice of the motion which shall specifically designate the order or part thereof to be reconsidered and the basis for the objection thereto. The district judge, upon timely motion, shall reconsider the magistrate's order and set aside any portion thereof found to be clearly erroneous in fact or contrary to law. The parties are further advised that the United States Court of Appeals for this Circuit has indicated that failure to comply with this rule shall preclude further appellate review. See Keating v. Secretary of Health and Human Services, 848 F.2d 271 (1st Cir. March 31, 1988); United States v. Emiliano Valencia-Copete, 792 F.2d 4 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980); United States v. Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); see also, Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466 (1985).