UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|  | ) | Case No. 04-CR-10298-DPW |
|  | ) | |
| MARKO BOSKIC | ) | |

**DEFENDANT MARKO BOSKIC'S MEMORANDUM
IN SUPPORT OF HIS MOTION TO DISMISS THE INDICTMENT
OR, IN THE ALTERNATIVE, FOR A BILL OF PARTICULARS**

Defendant has moved to dismiss the indictment on the ground that it fails to allege the offenses charged with the particularity required by the Fifth and Sixth Amendments to the United States. Alternatively, defendant has requested that the Government be required to provide a bill of particulars.

### Statement of the Case

The defendant has been indicted for five counts of making false statements in immigration applications and an investigation. Two counts (One and Three) charge that he made false statements when he applied for classification as a refugee on or about February 17, 2000, in the Federal Republic of Germany, in violation of 18 U.S.C. §1546(a). Two others (Counts Two and Four) charge that he made false statements when he applied for permanent residence, on or about April 5, 2001, in Massachusetts, also in violation of 18 U.S.C. §1546(a). Count Five charges that he made a false statement when interviewed by federal agents in Boston, in violation of 18 U.S.C. §1001.

Counts One and Two allege that defendant made a false statement, under oath or penalty

of perjury, "in an application required by the immigration laws and regulations," that he had "only served in the Yugoslav National Army and no other," which statement he "knew was false, in that he had, in fact, served in the Army of the Republic of Srpska." Count Five alleges that defendant made a false statement, "in a matter within the jurisdiction of the United States" (and specifically DHS, ICE, DOJ and FBI), that he had "only served in the Yugoslav National Army and no other," whereas he "knew and believed that he had, in fact, served in the Army of the Republic of Srpska." Count Three alleges that defendant made a false statement, under oath or under penalty of perjury, "in an application required by the immigration laws and regulations," that he had never "ordered, assisted or otherwise participated in the "persecution of any person because of race, religion and political opinion," which statement he "knew was false in that he had, in fact, persecuted a person because of race, religion, or political opinion." Count Four alleges that defendant made a false statement, under oath or under penalty of perjury, "in an application required by the immigration laws and regulations," that he had never "ordered, assisted or otherwise participated in the "killing of any person because of race, religion, nationality, ethnic origin or political opinion," which statement he "knew was false, in that he had, in fact, killed a person because of race, religion, nationality, ethnic origin or political opinion."

## Argument

**I.     The Indictment Fails to Set Forth the Offenses with Sufficient Particularity, in Violation of the Fifth and Sixth Amendments to the United States Constitution.**

In Russell v. United States, 369 U.S. 749, 763-69 (1962) the Supreme Court held that the

Fifth Amendment[1] and Sixth Amendment[2] require that an indictment must set forth the "specific offense" in sufficiently particular terms in order to (1) enable a court to determine whether the indictment states an offense; (2) enable the defendant to prepare his defense; and (3) protect the defendant's double jeopardy rights. See also United States v. Tomasetta, 429 F.2d 978 (1st Cir. 1970).

In perjury and false statement cases, it is essential that the indictment set forth the exact questions and answers, and the nature of the alleged falsity, so that the defendant is properly notified of the basis of the charge and so that the court can determine from the indictment itself whether an offense is stated at all. See United States v. Slawik, 548 F.2d 75 (3d Cir. 1977)(indictment must set forth "the precise falsehood alleged and the factual basis of its falsity with sufficient clarity to permit a jury to permit a jury to determine its verity and to allow meaningful judicial review[.]");[3] United States v. Tonelli, 577 F.2d 194, 200 (3d Cir. 1978)(same); United States v. Vesaas, 586 F.2d 101, 104-04 (8th Cir. 1978); United States v. Eddy, 737 F.2d 564, 570 (1984)(same). The defendant has a right to have the court determine on the face of the indictment whether a question is so "fundamentally ambiguous" that it lacks "a

---

[1] The indictment clause provides: "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury."

[2] The notice clause provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to be informed of the nature and cause of the accusation."

[3] The Slawik line of cases requires an indictment to have what is sometimes referred to as a "truth paragraph," that is "the factual basis of [the false statement's] falsity." (at 83). Other courts have rejected the necessity of a separate "truth paragraph" where the nature of the falsity is "self-evident." E.g. United States v. Serola, 767 F.2d 364, 370 (7th Cir. 1985). See United States v. Butt, 745 F. Supp. 34, 36 ((D. Mass. 1990).

meaning about which men of ordinary intellect could agree," United States v. Manapat, 928 F.2d 1097, 1100 (11th Cir. 1991); United States v. Latimore, 127 F. Supp. 405, 410 (D.D.C.) aff'd by equally divided court, 232 F.2d 334 (D.C. Cir. 1955), or because the alleged false statement cannot reasonably be construed to be false in light of the allegation of the nature of the falsity. E.g. United States v. Finucan, 708 F.2d 838, 846-48 and n. 6 (1st Cir. 1983)("[T]he 'true' paragraph must 'track' the false testimony."); United States v. Gatewood, 173 F.3d 983, 986-988 (6th Cir. 1999); United States v. Vesaas, 586 F.2d 101, 104 (8th Cir. 1978).

The indictment in this case fails to allege either the particular falsehoods or the nature of the falsity with sufficient particularity. Counts One, Three and Five charge false statements in written applications. Yet they fail to allege the precise questions, or the actual responses. This, of course, prevents the defendant from challenging the counts as fundamentally ambiguous. To see the significance of this omission, take, for example, Count One, which involves a February 17, 2000 application for a refugee visa, the relevant portion of which is attached as Exhibit A. Count One alleges that defendant stated in the application that he "had only served in the Yugoslav National Army and no other." Turning to the actual application, however, there is no language that corresponds to the indictment. Section 14 is entitled "Military Service." In the space provided, there is an entry for "SFR Yugoslavia Infantry 1983-84 Private." But there is no instruction to include "all" military service, nor is there any statement that the applicant was in SFR Yugoslavia "and no other." If the indictment was sufficiently particular, the defendant could challenge this count as failing to state an offense at all.

Counts Three and Four involve the denial of defendant's participation in the persecution or killing of a person "because of" race, religion, nationality or political opinion. Even if we

assume that the indictment charges the exact language of the applications, the counts are still deficient. To illustrate the point, examine Count Four, alleging killing. Attempting to parse the meaning of the charge, one is faced with two variables: (1) to whose state of mind does the "because" clause refers; and (2) what is the alleged nature of the falsity, i.e. what is claimed to be the truth. As matter of pure logic, there are four possible meanings of the charge. In each case we set forth the possible version of the false statement, followed by the possible version of the truth.

> a. [A] Boskic stated that he never killed a person because he hated the person's ethnic identity. [B] The truth is that although Boskic did kill a person, he was not motivated by ethnic identity.
>
> b. [A] Boskic stated that he never killed a person because he hated the person's ethnic identity. [C] The truth is that he was motivated by ethnic hatred when he killed a person.
>
> c. [D] Boskic stated that he never killed a person who had been targeted by others because of the person's ethnic identity. [E] The truth is that although Boskic did kill a person, the person was not targeted for his ethnic identity.
>
> d. [D] Boskic stated that he never killed a person who had been targeted by others because of the person's ethnic identity. [F] The truth is that he did kill a person whom others had targeted because of the person's ethnic identity.

Which of these does the indictment charge? Neither (a) nor (c) state an offense, because in each the truth does not "track" or contradict the false statement. As to (b) or (d), the issue is whether the phrase "because of" refers to the defendant's own motivation, or that of someone else. Defendant's interpretation is that it refers to himself. At this point, however, it is not clear what the Government says the phrase means. In short, there is insufficient particularity on any of these points to enable the defendant to prepare his defense or to permit the court to test the validity of the charges.

**II.    If the Court Does Not Grant the Motion to Dismiss, It Should Order the Government to Provide a Bill of Particulars.**

A bill of particulars is not discretionary where it is necessary to give fair notice of the offense charged. At the minimum the defendant is entitled to a bill which particularizes the precise questions and answers which form the basis of each count, the nature of the falsity, and what the Government alleges to be the meaning of the "because" clause in Counts Two and Four. See United States v. Crippen, 579 F.2d 340, 342 (5th Cir. 1978).

### Conclusion

For the reasons set forth above, the Court should dismiss the indictment. Alternatively, it should order the Government to provide a bill of particulars.

Respectfully submitted,

*/s/ Max D. Stern*

Max D. Stern
BBO No. 479560
Lillian Hirales
BBO No. 652698
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: March 18, 2005.

G:\SSWG\Boskic\dismiss memo.wpd

# EXHIBIT A

Case 1:04-cr-10298-DPW   Document 40   Filed 03/21/2005   Page 7 of 8

**REGISTRATION FOR CLASSIFICATION AS REFUGEE**
Section 207 Immigration and Nationality Act

**UNITED STATES DEPARTMENT OF JUSTICE**
IMMIGRATION AND NATURALIZATION SERVICE

Form Approved
Budget Bureau No. 43-R0402

File No.
A

... TO FURNISH THE FOLLOWING INFORMATION (READ INSTRUCTIONS ON REVERSE)

First: MARKO   Middle:    Last: BOŠKIĆ

Address: FLORASTR. 33/AUFG. 5, 13187 BERLIN /PANKOW/

(Month X day X year): ...1964   Place of birth (city or town): TUZLA   (Province): —   (Country): BOSNIA   My present nationality is: BOSNIAN

Height: ... cm   Weight: 82 kg   Eyes: BROWN   Hair: BROWN   Complexion: FAIR   Marks or Scars: —

5. I fled or was displaced from (Name of country): BOSNIA-HERZEGOVINA
On or about (month) 01 (day) 06 (year) 1994

6. Reasons (State in detail): BECAUSE OF MY REFUSAL TO JOIN THE ARMY TO FIGHT IN THE WAR — I DIDN'T WANT TO FIGHT IN AN ETHNIC WAR AGAINST PEOPLE I LIVED WITH — I WAS FORCED TO FLEE. ALSO BECAUSE I AM A CROAT I DIDN'T WANT TO FIGHT.

7. My present immigration status in GERMANY (Country in which residing) is: REFUGEE

The evidence of my immigration status in the country in which I am residing is: "DULDUNG"
(Describe)

8. My spouse's name is: N/A
9. (His)(Her) present address is:
10. Spouse's nationality is:

11. My spouse ☐ will ☐ will not accompany me to the United States

12. Name of child(ren): N/A   Date of birth   Place of birth   Present address

Place a mark (X) in front of name of each child who will accompany you to the United States

13. Schooling or Education

| Name and location of school | Type | Dates attended | Title of Degree or Diploma |
|---|---|---|---|
| PRIMARY SCHOOL, TUZLA | ELEMENTARY | 1971-1978 | — |
| BUILDING TRADES SCHOOL, TUZLA | VOCATIONAL (FOR THE BUILDING TRADES) | 1978-1982 | CERTIFICATE OF BUILDING TECHNOLOGY (CERAMICS) |

14. Military Service

| Country | Branch and Organization | Dates | Serial No. | Rank Attained |
|---|---|---|---|---|
| SFR YUGOSLAVIA | INFANTRY | 1983-84 | — | PRIVATE |

Form I-590 (Rev. 5-1-80) N