```
              UNITED STATES DISTRICT COURT
               DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
         V.                   )    Criminal No. 04-10298-DPW
                              )
MARKO BOSKIC                  )
```

GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION FOR EXCULPATORY EVIDENCE

The defendant seeks discovery of the identity of the individuals identified as CI1, CI2 and CI3 in the government's automatic discovery request.  The defendant further seeks all information supporting the defendant's statement that he was coerced into service in the Army of the Republic of Srpska and was coerced to participate in the conduct of those forces. Without agreeing that the information he seeks is exculpatory, the government will agree to provide the identity of the individuals, but cannot provide the addresses of each of the three individuals, and objects to the broader scope of the defendant's request.

First, the government is obligated to provide "exculpatory *information*."  See, e.g., Local Rule 116.2.  "[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial." United States v. Bagley, 473 U.S. 667, 675 (1985).  That obligation also does not mean that the government is obligated to provide the entire report or transcript that contains the (potentially)

exculpatory information. The government can summarize the information that is exculpatory or provide a redacted copy of the relevant report or transcript, and identify the source of the information. Either method is acceptable. "[T]he pretrial duty to disclose may be satisfied not through production of the actual statement but rather by production of some synopsis of the exculpatory or impeachment evidence contained within the statement without production of the actual statement." United States v. Acosta, 2005 WL 281232, at 5 (D. Nev. 2005); see also United States v. Peitz, 2002 WL 31101681, at 8 (N.D. Ill. 2002)(the government "is not obligated to disclose the document itself except those portions that are favorable to defendants"). The defendant can then seek to obtain the information from the identified witness in a form that would be admissible at trial. Second, the government is obligated to provide exculpatory information in its possession; the government is not be obligated to conduct an investigation for the defendant for the purpose of seeking information the defendant views as exculpatory. An example of this latter point is the following: Drazen Erdemovic, who was also a member of the 10th Sabotage Unit that was involved in the massacre of over 1000 Muslims at Branjevo Farms, pleaded guilty and has cooperated with prosecutions by the International Criminal Tribunal for the Former Yugoslovia ("ICTY"). He testified in connection with his own plea and sentencing, as well

as in trials of others.  On May 31, 1996, he pleaded guilty. During the plea hearing he stated the following:  (Referring to the massacres) 'Your Honor, I had to do this.  If I had refused, I would have been killed together with the victims.  When I refused, they told me: "If you are sorry for them, stand up, line up with them and we will kill you too."'  The transcript of that hearing can be found on line at www.icty.org.  The conduct of the Army of the Republic of Srspksa in general, and at Srebrenica and Branjevo Farm, in particular, has been the subject of litigation at the ICTY in the Hague.  The defendant has access to some of the same documents and transcripts about these events as does the government.  The defendant should be responsible for obtaining such publicly available "exculpatory" information.

    The confidential informants are:

    CI1: Drazen Erdemovic

    CI2: Zoran Obrenovic

    CI3: Milorad Pelemis

    At this time, the government does not have addresses for Obrenovic and Pelemis, but (although not obligated to do so) will seek to obtain more specific information about where they can be located.  Both are in the former Yugoslovia.  The government is not and will not be in a position to provide the address of Erdemovic.  He has been relocated by the ICTY and the government has no direct contact with him or knowledge of where he resides.

Contact with him can only be through the ICTY.

                                Respectfully submitted,

                                MICHAEL J. SULLIVAN
                                United States Attorney

                    By:   /s/ Jeffrey Auerhahn
                                JEFFREY AUERHAHN and
                                KIMBERLY P. WEST
                                Assistant U.S. Attorneys

DATE: March 21, 2005