UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
          V.                  )      Criminal No. 04-10298-DPW
                              )
MARKO BOSKIC                  )

GOVERNMENT'S CONSOLIDATED OPPOSITION TO DEFENDANT'S MOTION TO
DISMISS AND DEFENDANT'S MOTION FOR BILL OF PARTICULARS

The defendant Marko Boskic has filed a motion to dismiss the indictment because, he argues, "each count of the indictment lacks sufficient particularity."  He has also filed a motion for bill of particulars seeking more precision concerning "the precise questions and answers which form the basis of the charge ... [and] the precise nature of the falsity."  In a memorandum filed with these motions, he argues in the alternative for dismissal, or particulars to satisfy the specificity he argues is lacking in the counts as written.  The government opposes both motions filed by the defendant.  The allegations in the indictment are sufficiently particularize and identify the false statement made by the defendant.  Therefore, his motions should be denied.

Each count identifies with particularity the statement that is allegedly false, as well as the true facts that make the statement he made false.  Each count describes the false statement and the true facts as follows:

**Count One**

Count One concerns a false statement contained in Form I-

590, Registration for Classification as a Refugee.  (A translated copy of said Form is attached hereto.)  The alleged false statement concerns the defendant's military service.  The indictment alleges that the defendant stated that his only military service was with the Yugoslav National Army.  The indictment further alleges that the statement was untrue because he had in fact served in the Army of the Republic of Srpska.

Question 14 on the attached Form I-590 requests information about past military service.  The defendant only listed "SFR Yugoslovia ... 1983-84."

**Count Two**

Count Two concerns a similar false statement contained on Form I-485, Application to Register as Permanent Resident or Adjust Status.  (A copy of said Form is attached hereto.)  As with Count One, the indictment alleges that the defendant stated that his only military service was with the Yugoslav National Army.  The indictment further alleges that the statement was untrue because he had in fact served in the Army of the Republic of Srpska.

Part 3, section C of the Form requests a list of "present and past membership in or affiliation with" organizations, groups, clubs, etc.  The instructions specifically direct the applicant to "[i]nclude any foreign military service."  The defendant only listed "1983-1985 Yugoslovia military."

**Count Three**

Count Three concerns a second false statement in the I-590 Form. The indictment alleges that the defendant stated that he "never ordered, assisted, or otherwise participated in the persecution of any person because of race, religion and political opinion." The indictment further alleges that statement was false because the defendant had in fact participated in such persecution.

On the signature page of the I-590 Form signed by the Defendant, the document requires the applicant to certify (and the defendant so certified) that "I have never ordered, assisted or otherwise participated in the persecution of any person because of race, religion or political opinion."

**Count Four**

Count Four concerns a similar false statement contained in Form I-485. The indictment alleges that the defendant stated that he "never ordered, incited, assisted, or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin and political opinion." The indictment further alleges that statement was false because the defendant had in fact participated in such killing.

Question 8, in part C of the I-485 Form asks: "Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of

3

race, religion, nationality, ethnic origin or political opinion."
The defendant checked the box next to the response: "No."

**Count Five**

Count Five alleges that, on August 25, 2004, when questioned
by Special Agents of the Department of Homeland Security,
Immigration and Customs Enforcement and the Federal Bureau of
Investigation, he told them that he had only previously served in
the Yugoslovia Army.  That statement was false because he had
previously also served in the Army of the Republic of Srpska.

In a perjury case involving false testimony before a grand
jury or at a trial before a petite jury, the easiest and most
common practice is to include relevant portions of the transcript
of such testimony in the body of the perjury count, and, further,
highlight the particular perjurious testimony.  However, that
practice is not required, as long as a defendant is adequately
apprised of the statement that is allegedly false.

In this case, in the first instance, the "transcript" of the
defendant's entire statement is specifically identified and the
perjurious statement is highlighted.  The statement is contained
in a particularly identified form that was signed by the
defendant on a particular day.  That document is the transcript
of his entire statement.  The specific false statement is
identified by its subject matter.  Each form contains only one
question that relates to that subject matter.

Second, as described above, in each count of the indictment in this case, the perjurious statement is specifically identified.  For example, both Counts Three and Four concern the defendant's false denial of his participation in persecution/killing others because of their race, religion, or other listed reasons.  However, each count identifies the false statement differently, because each tracks the language of the specific question the defendant was asked.  Therefore, Count Three identifies perjury as involving the defendant's stating that he "never ordered, assisted, or otherwise participated in the *persecution* of any person because of race, religion and political opinion."  Count Four identifies the perjury as involving the defendant stating that he "never ordered, *incited*, assisted, or otherwise participated in the *killing* of any person because of race, religion, *nationality, ethnic origin* and political opinion."  The dissimilar words used in the two counts are in italics.

In addition, the counts each state specifically what was false about the alleged statement.

Defendant's discusses, as an example, Count One, and argues that the Count alleges that he committed perjury because he stated that he only served in the Yugoslav Army, and no other. He alleges that, on the Form, the Defendant listed his 1983-1984 service in the Yugoslav Army, but never said that he served in no

5

other army.

First, the defendant has been provided with the Form I-590.
Analogizing this to perjury before a petite or grand jury, in
effect, he has been given a transcript of the entire testimony.
The specific perjurious statement has been identified with
sufficient particularity for the defendant to have identified the
specific question that was falsely answered.  No more is
required.

The defendant's argument, that the answer given was not
false because he did not state that he served in no other army
(he simply failed to list all his military service), can be made
to the petite jury that will decide whether the defendant is
guilty.  One of the issues the jury will have to decide is
whether the answer was false.  In making that decision, they
might have to decide whether a reasonable interpretation of the
question was that it asked for military service, but did not ask
for *all* such service.[1]  Or, viewed another way, the defendant's
answer was misleading, but not false, because he listed some, but
not all of his previous service, but did not, by his answer,
state that he had no other military service.  "The jury must
determine whether the question -- as the declarant must have
understood it, giving it a reasonable reading -- was falsely

---

[1]The defendant did not use Count Two for his example,
because the I-485 Form directs the applicant to "[i]nclude *any*
foreign military service."  (emphasis added).

answered." <u>United States v. Lighte</u>, 782 F.2d 367, 372 (2d Cir. 1986). "The test is ... an objective one." <u>Id.</u>

The same is true for his complaints about Counts Three and Count Four. The defendant essentially previews one of his potential defenses, that is, as he understood the questions, his answers were not false. He may present such arguments to the jury and they will decide his guilt. "Whether an answer is literally true raises a factual question to be resolved by a jury." <u>Lighte</u>, 782 F.2d at 373.

The defendant argues that the questions are ambiguous and, therefore, the answers are not necessarily false. Again, that is for the jury to decide; "where an answer may or may not be false depending upon possible interpretations of an ambiguous question, it is for the jury to decide whether the defendant has committed perjury."[2] <u>United States v. Fincan</u>, 708 F.2d 838, 848 (1st Cir. 1983).

Further, the mere fact that a defendant can hypothesize different interpretations of a question (and thus raise a literal truth defense) does not make those questions "fundamentally ambiguous" and subject to dismissal. "An answer that is

---

[2]The Supreme Court in <u>Bronston v. United States</u>, 409 U.S. (1973), "held only that a defendant cannot be convicted for perjury for true but misleading statements, not that a defendant is immune from prosecution for perjury whenever some ambiguity can be found by an implausibly strained reading of the questions he is asked." <u>United States v. Doherty</u>, 867 F.2d 47, 69 (1st Cir. 1989).

responsive and false on its face does not come within Bronston's
literal truth defense simply because the defendant can postulate
unstated premises of the question that would make his answer
literally true."   United States v. Kehoe, 562 F.2d 65, 68-69 (1st
Cir. 1977).

Therefore, the district court denied a motion to dismiss
perjury counts in United States v. Butt, 745 F.Supp. 34, 35 (D.
Mass. 1990).   In Butt, the defendant was charged with perjury for
his response to questions that asked him about receipt of money
"in connection with ... police duties."   The defendant offered
six possible interpretation of that phrase and, therefore, argued
that the questions were so fundamentally ambiguous that the
perjury charges should be dismissed.   745 F.Supp. at 35-36.   The
Court rejected the defendant's argument.   'The "fundamentally
ambiguous" defense serves to protect an individual from a line of
questioning so vague as to provide no legally sufficient basis
for a perjury conviction.'   745 F.Supp. at 36.   "[A]lthough a
perfectly phrased question is ideal, one is not always presented
and therefore juries may consider the context of the question in
determining whether the question is ambiguous."   Id.

Therefore, for the reasons stated herein, because the
language of the perjury counts in this indictment adequately
describe the crimes alleged, including the alleged false
statement and the nature of the falsity the defendant's motions

8

should be denied.

                              Respectfully submitted,

                              MICHAEL J. SULLIVAN
                              United States Attorney

                         By:  _/s/ Jeffrey Auerhahn_
                              JEFFREY AUERHAHN and
                              KIMBERLY P. WEST
                              Assistant U.S. Attorneys


DATE: March 30, 2005