## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **Criminal Action** |
| ) | **No. 04-10298-DPW** |
| MARKO BOSKIC, ) | |
|       Defendant, ) | |
| ) | |
| _____ ) | |

## ORDER
May 3, 2005

SWARTWOOD, C.M.J.

This matter was referred to Magistrate Judge Cohen on September 28, 2004 for determination of all pretrial proceedings. On February 9, 2005, upon the retirement of Judge Cohen, this matter was transferred to me for those same purposes. See Docket No. 27.  This Order addresses:

    1.  Defendant's Motion For Exculpatory Evidence (Docket No. 30); and

    2.  Defendant Marko Boskic's Motion For A Bill of Particulars (Docket No. 35).

A.  <u>Motion for Disclosure of Exculpatory Material</u>[1].

Mr. Boskic requests disclosure of the identity, address and any statements made by the witnesses identified by the Government in its October 29, 2004 letter as  C11, C12 and C13.  Mr. Boskic also requests: the full text of the Form 302 reports containing these individuals' statements; agents' notes of the interviews of these individuals; and to the extent not contained in the agents' notes or the 302s', the substance of what the witness stated at the interviews.  Furthermore, Mr. Boskic requests any information confirming or supporting that he was coerced into service in the forces of Republica Srpska or that he was coerced to participate in the conduct of those forces in or about 1995.  In addition, at the hearing on the motions, Mr. Boskic's counsel requested that the Government be ordered to advise Mr. Boskic of any exculpatory information learned by the Assistant United States Attorney who interviewed these individuals.

First, the Government has identified the individuals identified as C11, C12 and C13.  The Government believes that two of the individuals reside in the former Yugoslavia and the third individual, after cooperating, has been "relocated" by the International Criminal Tribunal for the Former Yugoslavia ("ICTY").  Mr. Boskic acknowledges that these individuals are outside of the subpoena power of this Court, but asserts that the

---

[1]In his reply to the Government's opposition, in addition to providing more specifics as to the exculpatory evidence he seeks in this motion, Mr. Boskic requested additional discovery.  At the hearing on this motion, I advised Mr. Boskic that to the extent he was requesting additional discovery, he was to make those requests by motion.  However, in order to expedite this matter, I will address those requests in this Order.  Mr. Boskic's counsel is reminded that in the future, such requests must be made in a separate motion and the Government must have the proper opportunity to respond to such requests.

Government has a cooperative relationship with the ICTY and therefore, is in the position to obtain information concerning these witnesses and to arrange for interviews with them and to obtain information concerning his service in the forces of Republica Srpska. The ICTY was established by the United Nations Security Counsel. The Government has no power or control over the prosecutor's office, which operates independently of the Security Counsel and any State or international organization. See generally www.un.org/icty. The Government has offered to advise Mr. Boskic of the name of its contact person at the ICTY and offered to put Mr. Boskic's counsel in touch with that person. Furthermore, the Government has indicated that it would attempt to work with Mr. Boskic's counsel to try to arrange for depositions of these witnesses, who will not be available to testify at trial. Furthermore, the Government has indicated that much of its information, such as hearing transcripts, was obtained from internet web sites which are available to the general public. Mr. Boskic's counsel is in as good a position as the Government to obtain such information.

To the extent that the Government has received any information from the ICTY prosecutor's office or any judicial tribunal of the ICTY which contains any information exculpatory to Mr. Boskic or relevant to his defense, it shall provide Mr. Boskic with that information. However, the Government does not have control of these witnesses, nor can any information in the hand of prosecutors or any judicial tribunal of the ICTY be deemed within the care, custody or control of the Government. Therefore, to the extent that Mr. Boskic is requesting that the Government somehow be ordered to make these witnesses available for him to interview, or that the Government provide him with information, which it does not have, but which is in the care, custody or control of the prosecutor's office or judicial tribunal of the ICTY, his request is denied.

Second, the Government has indicated that it has advised Mr. Boskic of all exculpatory information contained in the 302 reports.

Third, the Government has indicated that any exculpatory information learned from any of these witnesses by any Assistant United States Attorney or otherwise during any interviews will be disclosed to Mr. Boskic.

Fourth, Mr. Boskic is not entitled to agent's rough
notes made during the course of interviews unless, (1)
something in the notes contradicts or is inconsistent
with information contained in the 302s, or (2) the agent
took verbatim notes of the interview such that the notes,
in effect, constitute a recorded statement of the
witness. In order to satisfy Mr. Boskic that he has
received all relevant and exculpatory information learned
by the Government agents during the course of interviews
of these witnesses, I am ordering that the Government, on
or before May 17, 2005, submit to me copies of the agents
notes and the 302 reports for an *in camera review*.

B. <u>Mr. Boskic's Motion For A Bill Of Particulars</u>

Mr. Boskic seeks a bill of particulars wherein the Government

would set forth with specificity the following information as to

Counts Three, Four and Five[2]: the precise questions and answers

which form the basis of the charge; and the precise nature of the

falsity, i.e., what facts are alleged to be true as compared to

what was allegedly falsely stated. Additionally, with respects to

Counts Three and Four, Mr. Boskic requests that the Government set

forth with specificity whether the "because" clause refers to his

state of mind, or that of other(s).

An indictment is sufficient if it "(1) contains the
elements of the offense intended to be charged, (2)
sufficiently apprises the Defendant of the charges
against him which he must defend, and (3) shows with
accuracy the extent to which the Defendant may plead an
acquittal or conviction as a bar to future prosecution."
<u>United States v. McGee</u>, 798 F. Supp. 53, 59 (D.Mass.
1992). Furthermore, a motion for a bill of particulars
need be granted only if the defendant "in the absence of
more detailed specification, will be disabled from
preparing a defense, caught by unfair surprise at trial,

---

[2]At the hearing on this motion, counsel for Mr. Boskic stated that, as to
Counts One and Two, he had all the necessary information and was no longer
pursing the request for a bill of particulars as to those counts.

or hampered in seeking the shelter of the Double Jeopardy Clause". <u>United States v. Sepulveda</u>, 15 F.3d 1161, 1192-93 (1st Cir. 1993). Mr. Boskic asserts that he needs the requested information in order to prepare his defense and for the Court to test the validity of the charges. The Government, on the other hand, argues that the Indictment sets forth sufficient details of the crimes charged and identifies the false statements allegedly made by Mr. Boskic.

Count Three of the Indictment charges Mr. Boskic with fraud and misuse of visas, permits and other documents in violation of 18 U.S.C. §1546(a). Furthermore, the Indictment specifies that Mr. Boskic is alleged to have made a false statement with respect to a material fact in a Form I-590, Registration for Classification as a Refugee, i.e, that he "never ordered, assisted or otherwise participated in the persecution of any person because of race, religion and political opinion, which said statement [he] then and there knew was false, in that he had, in fact, persecuted a person because of race, religion, or political opinion". Count Four of the Indictment charges Mr. Boskic with this same offense as the result of making an alleged false statement on a Form I-485, Application to Register as Permanent Resident or Adjust Status, *i.e.,* that he "never ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin and political opinion, which said statement [he] then and there knew was false, in that he had, in fact, killed a person because of race, religion, nationality, ethnic origin or political opinion". Count Five charges Mr. Boskic with making a false statement in violation of 18 U.S.C. § 1001. The Indictment specifies that in a matter within the jurisdiction of the United States, Mr. Boskic knowingly and willfully falsely stated that he had only previously served in the Yugoslav National Army and no other, when he knew that he had served in the Army of the Republic Srpska.

I find that the Indictment, including the Counts as to which Mr. Boskic seeks additional particulars, alleges the essential elements of each of the crimes with which he has been charged. Contrary to Mr. Boskic's argument, which seeks to create ambiguities where there are none, these allegations are sufficient to inform Mr. Boskic of the charges against him such that he will be able to

avoid prejudicial surprise at trial, prepare a meaningful defense and plead double jeopardy to any subsequent charges against him.  Therefore, Mr.  Boskic's request for a bill of particulars is denied. See United States v. Blandford, 33 F.3d 685, 704-05 (6th Cir. 1994)(indictment which sets forth nature of material false statements, states that statements were made willfully and knowingly and specifies when and to whom made was sufficient, especially where Government also provided bill of particulars which notified defendant of precise statements alleged to be false).

<u>Conclusion</u>

1.  Defendant's Motion For Exculpatory Evidence (Docket No. 30) is <u>denied</u> as provided in this Order, but shall remain under advisement until the Court has had the opportunity to conduct an *in camera* review of materials the Court has ordered the Government to submit to it for such review; and

2.  Defendant Marko Boskic's Motion For A Bill of Particulars (Docket No. 35) is <u>denied</u>.


/s/ Charles B. Swartwood
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE

- 6 -