UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA           )
                                   )
v.                                 )    **Criminal Action**
                                   )    **No. 04-10298-DPW**
MARKO BOSKIC,                      )
        Defendant,                 )
                                   )
_____)

ORDER
May 26, 2005

SWARTWOOD, C.M.J.

This matter was referred to Magistrate Judge Cohen on September 28, 2004 for determination of all pretrial proceedings. On February 9, 2005, upon the retirement of Judge Cohen, this matter was transferred to me for those same purposes. See Docket No. 27. This Order supplements my Order, dated May 3, 2005 (Docket No. 53)("Prior Order") concerning Defendant's Motion For Exculpatory Evidence (Docket No. 30).

Prior Proceedings

In my Prior Order, I denied Defendant's Motion For Exculpatory Evidence (Docket No. 30), but reserved final ruling until I had conducted an *in camera* review of documents I ordered be provided to

me by the Government. In my Prior Order, I noted that the Government has indicated that it has advised Mr. Boskic of all exculpatory information contained in the FBI 302 Reports of interviews of the three confidential witnesses ("CWs") referred to by the Government in its automatic discovery letter (although I am referring to them as CWs, their names have been disclosed to Mr. Boskic). I then ruled that Mr. Boskic is not entitled to agent's rough notes made during the course of those interviews unless, (1) something in the notes contradicts or is inconsistent with information contained in the FBI 302 Reports, or (2) the agent took verbatim notes of the interview such that the notes, in effect, constitute a recorded statement of the witness. However, in order to satisfy Mr. Boskic that he has received all relevant and exculpatory information learned by the Government agents during the course of interviewing the CWs, I ordered that the Government submit to me copies of the hand written notes taken during those interviews and the FBI 302 Reports of those intervies for an *in camera review*. After having completed that review, I am supplementing my Prior Order as follows.

## Discussion

The Government provided me copies of the: FBI 302 Reports of the interviews of the CWs, US Customs Service typed reports of those interviews, and handwritten notes of those interviews. First, the FBI 302 Reports and the US Customs Service typed reports

are identical.  Second, the hand written notes are in rough draft form and even if it could be argued that they are essentially verbatim records of the interviews, there is nothing in those notes which is not contained in the FBI 302 Reports/US Customs Service typed reports.  Therefore, I am reaffirming my prior ruling that the Government need not disclose rough notes of the interviews of the three CWs.

As to the information contained in the FBI 302 Reports/US Customs Reports, I agree with the Government that there is little in those reports that is exculpatory to Mr. Boskic and/or supports his defense.  However, in an abundance of caution, I am ordering the Government to disclose to Mr. Boskic certain paragraphs/sentences contained in those reports.  In order to give context to the information which I am ordering be disclosed, I am ordering the disclosure of some information which, in fact, may be inculpatory.[1]

So that the Government may have an opportunity to object to this Order, I am providing the Government with copies of the FBI 302 Reports in which I have highlighted the information I am ordering be disclosed to Mr. Boskic.  If the Government objects to disclosing the highlighted information, it shall file a motion seeking reconsideration of this Order with Judge Woodlock on or

---

[1] The Government is, of courses, free to disclose other information contained in the reports.

before June 3, 2005. Otherwise, the Government shall disclose the highlighted information to Mr. Boskic on or before that date.

## Conclusion

1. Defendant's Motion For Exculpatory Evidence (Docket No. 30) is <u>allowed</u> as provided in this Order and is otherwise <u>denied</u> (as provided in my Prior Order).

/s/ Charles B. Swartwood
Charles B. Swartwood, III
CHIEF MAGISTRATE JUDGE