**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>)<br>)<br>)<br>MARKO BOSKIC )<br>) | Case No. 04-CR-10298-DPW |

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION**
**TO HIS MOTION TO DISMISS AND OBJECTIONS TO ORDER**
**OF THE MAGISTRATE-JUDGE ON DEFENDANT'S MOTION FOR PARTICULARS**

Relying on his Fifth and Sixth Amendment rights to have the offenses charged against him with particularity, the defendant has moved to dismiss the indictment and, alternatively, requested that the government be ordered to file a Bill of Particulars.

In response, the government has provided certain particulars – although not in a formal Bill. Counts One through Four allege that false statements were made in certain immigration applications. In responding to defendants' motions the government supplemented its allegations by attaching to its response the applications themselves.

The defendant's Motion to Dismiss was reserved for the District Judge. The Magistrate-Judge denied the request for the Bill of Particulars.

In this Reply defendant focuses on Counts One, Three and Four. Count One should be dismissed because, as now particularized by the application, the count clearly fails to charge any offense. Counts Three and Four should be dismissed because as alleged they charge defendant with false answers to fatally and fundamentally ambiguous questions, and moreover, do not permit the defendant properly to prepare or present his defense. Alternatively, the defendant is entitled to particulars on these latter counts.

**I. Count One Should Be Dismissed Because It Fails to Charge an Offense.**

Count One alleges that in his February 17, 2000 application for a refugee visa, the defendant stated he "had only served in the Yugoslav National Army and no other." Turning to the actual application as attached to the government's pleading, it is clear that, even according to the government's allegations, the defendant said no such thing. Under Section 14 of the form, entitled "Military Service," the defendant has made the following entry:

SFR Yugoslavia   Infantry 1983-84   Private

There is no other statement in that section, and, in particular, no statement that defendant had "no other" service beyond the Yugoslav infantry. Nor is there anything in the form from which such a statement could be reasonably inferred. There is nothing in the application which directs the applicant to include "all" military service, such that the jury might infer, from the blank space on the form, a statement that there was "no other."

The government argues that this issue should be left for the petit jury. Government Opposition, pp. 6-7. However, it is well-settled that in a perjury or false statement case, an indictment must be dismissed when on the face of the charged offense, in light of the allegation of the nature of the falsity, it is clear that the alleged false statement cannot reasonably be construed to be false. E.g. United States v. Finucan, 708 F.2d 838, 846-48 and n. 6 (1st Cir. 1983)("[T]he 'true' paragraph must 'track' the false testimony."); United States v. Gatewood, 173 F.3d 983, 986-988 (6th Cir. 1999); United States v. Vesaas, 586 F.2d 101, 104 (8th Cir. 1978).

> **II.    Counts Three and Four Must be Dismissed Because They Are Based Upon Fundamentally Ambiguous Questions and Because They Do Not Permit the Defendant to Prepare or Present His Defense.**

The fundamental problems with Counts Three and Four are easily seen. Both of those counts charge defendant with having falsely denied that the <u>did something</u> to persons <u>because of</u> a feature of their identity. In Count Three he is charged with denying participation in the "persecution of any person because of race, religion or political opinion." In Count Four he is charged with denying participation in the "killing of any person because of race, religion, nationality, ethnic origin or political opinion." The underlying context of the charges is the events in Srebenica, Bosnia in July 1995, in which defendant, in an interview by government investigators, has admitted to being coerced to participate in the mass execution of Muslim men at the hands of the Bosnian Serb forces.

The first issue is this: on an objective basis, given the context, what question was posed <u>to the defendant</u> by the application? Was defendant being asked whether he killed or persecuted people who had been selected for execution <u>because</u> they were Muslim, or was he being asked whether <u>he</u> acted because they were Muslim? These are two completely different matters, and it is impossible to tell which it was. Thus, the question was fundamentally ambiguous and cannot serve as the basis for a false statement prosecution. <u>United States v. Farmer</u>, 137 F.3d 1265, 167-70 (10th Cir. 1998); <u>United States v. Manapat</u>, 928 F.2d 1097, 1100 (11th Cir. 1991); <u>United States v. Ryan</u>, 828 F.2d 1010, 1015-17 (3d Cir. 1987); <u>United States v. Lighte</u>, 782 F.2d 367, 375 (2d Cir. 1986); <u>United States v. Diogo</u>, 320 F.2d 898, 905-07 (2d Cir. 1963); <u>United States v. Latimore</u>, 127 F. Supp. 405, 410 (D.D.C.) aff'd by equally divided court, 232 F.2d 334 (D.C. Cir. 1955).

The second issue is – even apart from the matter of the fundamental ambiguity of the question, and of whether it can serve as a basis for the prosecution – what has the grand jury charged?  Does the government allege that defendant denied that he <u>killed</u> or <u>persecuted</u> certain Muslim men who had been selected for execution because they were Muslim, or that he denied that <u>he</u> acted <u>because</u> they were Muslim?  The count as charged does not answer this question and the government so far has refused to do so.  As such the defendant truly does not know what is to be contested or how to shape his defense.  Under the circumstances the Fifth and Sixth Amendments require the dismissal of these counts.  At the very least, the government must be ordered to provide a Bill of Particulars that answers this question.

## **CONCLUSION**

For the reasons set forth above, and in defendant's prior memoranda, Count One of the indictment must be dismissed.  Also, Counts Three and Four must be dismissed.  Alternatively, the government must be ordered to provide a Bill of Particulars.

                                                Respectfully submitted,

                              <u>/s/ Max D. Stern</u>
                              Max D. Stern
                              BBO No. 479560
                              Lillian Hirales
                              BBO No. 652698
                              Stern, Shapiro, Weissberg
                               & Garin, LLP
                              90 Canal Street, Suite 500
                              Boston, MA 02114-2022
                              (617) 742-5800

Dated: June 20, 2005.

G:\SSWG\Boskic\Dismiss reply.wpd