UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) | Case No. 04-CR-10298-DPW |
| v. | ) ) ) |  |
| MARKO BOSKIC | ) ) |  |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
HIS MOTION FOR DISCOVERY RELATED TO
HIS MOTION TO SUPPRESS EVIDENCE**

The memorandum is directed to defendant's need for the identities of the persons who were involved in the planning for defendant's arrest and interrogation on August 25, 2004. The essential facts are contained in defendants suppression pleadings and are not repeated here.

The government's position is that the defendant has no reasonable need for this information since, it says, the only question before the Court will be what actually happened at the time of and during the course of the interrogation itself. There are several problems with this reasoning.

The principal flaw in the argument is that knowing what was planned will be very relevant and material to determining what was actually done. The thrust of defendant's motion is that the government affirmatively and deliberately deceived him as to the nature of what was happening. Although the government concedes that it subjected the defendant to a "ruse," it contends that defendant was not in fact deceived because the agents informed him of his Miranda rights. The defendant contends that the rights were not given at the outset – of if they were, it was done in a manner to so downplay their meaning and significance as to render them

unnoticeable and unmemorable by him. The defendant expects to show that the interrogation procedure was meticulously planned to trick the defendant into making incriminating statements while thinking that the interview concerned only the matter of travel documents, to downplay at all times the existence of a criminal investigation, and to not reveal the true subject matter of the inquiry – or bring in the ICTY investigator – until after the defendant had already spoken extensively first to the ICE agent, and then to the ICE and FBI agents together. Defendant expects to show that the successively greater degrees of interrogation were carefully choreographed to achieve this purpose.

The nature of the planning will be important to the issue of the <u>Miranda</u> rights. One might ask why the <u>Miranda</u> rights were given if, as the government contends, there was no legal need to do so and it concededly was engaged in a "ruse." Defendant expects the evidence to show that since the plan was to conceal in every way the existence of a criminal investigation, there was no plan to read <u>Miranda</u> rights to defendant, or that, if there was, the plan was to do so in such a way as not to cause him to suspect there was a criminal investigation.

Second, there is no dispute that the ICTY investigator told the defendant that he was not a subject of the investigation. The government seeks to dissociate itself from this assurance, contending that this referred only to ICTY and not to the government. But, the planning evidence will undoubtedly establish that federal personnel were fully aware that the ICTY investigator would make this statement to defendant. With this knowledge, given their presence throughout the interview and their involvement in the run-up to the ICTY portion of the interrogation, any assertion by the federal investigators that they believed the defendant would understand that the assurances were limited to ICTY would be highly implausible.

Finally, some of the cases cited in both the defendant's and government's memoranda focus on the issue of whether misrepresentations are "affirmative," or "intentional."  Obviously, the nature of the planning would be highly material to this question.

>Respectfully submitted,
>
>/s/ Max D. Stern
>Max D. Stern
>BBO No. 479560
>Lillian Hirales
>BBO No. 652698
>Stern, Shapiro, Weissberg
> & Garin, LLP
>90 Canal Street, Suite 500
>Boston, MA 02114-2022
>(617) 742-5800

Dated: July 29, 2005