UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) ) ) No. 04-CR-10298-DPW ) ) ) |
| MARKO BOSKIC | ) ) ) |

**DEFENDANT'S REPLY TO GOVERNMENT'S
FURTHER OPPOSITION TO DEFENDANT'S
MOTION TO DISMISS AND TO SUPPRESS**

The government contends in its Opposition that a violation of an individual's rights does not excuse false statements. In support of its argument, the government relies on multiple authorities addressing allegations of violations of the Fifth Amendment privilege against self-incrimination. The government is correct that those opinions hold that the privilege offers no such protection, but it misses the point. The Defendant's argument is based entirely on the due process clause. As the First Circuit recognized in United States v. Babb, 807 F.2s 272 (1st Cir. 1986), the absence of protection based on the self-incrimination clause does not foreclose a challenge based on fundamental fairness. Indeed, the very authorities relied upon by the government each distinguish from their holdings situations like the present in which violations of due process would require suppression of statements and dismissal of charges.

The two most recent Supreme Court opinions addressing violations of the Fifth Amendment privilege and relied upon by the government are United States v. Mandujano, 425 U.S. 564 (1976) and United States v. Wong, 431 U.S. 174 (1977). Both opinions distinguish

from their holdings situations involving government conduct that violates due process.

In <u>Mandujano</u> the Court addressed whether the 5th Amendment privilege against self-incrimination protects a witness from perjury who did not receive a Miranda warning prior to being questioned before a grand jury, despite the fact that he may have been involved in the activities under investigation.  There were three opinions in <u>Mandujano</u>, the plurality and two concurrences.  Each opinion makes it clear that a challenge to an abuse of governmental authority grounded in notions of fundamental fairness is not affected by the holding.  The plurality makes this clear in two instances.  First, the plurality quotes and approves of Judge Rives' opinion in <u>United States v. Orta</u>, 253 F.2d 312 (5th Cir. 1958),  an opinion also cited by the Government here.  Yet, in <u>Orta</u> the Court distinguished a challenge to a perjury indictment based on an alleged violation of the Fifth Amendment privilege from a situation in which the government abused its power in obtaining such an indictment.  The Mandujano court quoted the following portions of the <u>Orta</u> opinion:

> "(A grand jury witness) might answer truthfully and thereafter assert the constitutional guaranty. Under no circumstances, however, could he commit perjury and successfully claim that the constitution afforded him protection from prosecution for that crime." <u>Id</u>. at 570 quoting <u>United States v. Orta</u>., *Supra.*

However, this rule was qualified by the following statement:

> "<u>The only debatable question is one of the supervision of the conduct of Government representatives in the interests of fairness</u>. In <u>United States v. Scully</u>, 225 F.2d 113, 116 (2nd Cir 1955), the Court of Appeals for the Second Circuit held: "'…<u>the mere possibility</u> that the witness may later be indicted furnishes no basis for requiring that he be advised of his rights under the Fifth Amendment, when summoned to give testimony before a Grand Jury.' That holding is applicable to the present record. There is no showing that <u>the Grand Jury before which Orta testified was seeking to indict him or any other person already identified</u>.'"

(emphasis added).  Id. at 570 quoting United States v. Orta, *Supra*.

Thus, the Court in Orta distinguished "the mere possibility that the witness may later be indicted" from "a showing that the Grand Jury before which [a witness] testified was seeking to indict him."  With this distinction the Court was obviously referring to the circumstance of a perjury trap.

Footnote 8 of the plurality in Mandujano further confined its holding to the self-incrimination clause.  It explicitly compared the facts it faced with the facts in Brown v. United States, 245 F.2d 549 (8th Cir. 1957); United States v. Thayer, 214 F.Supp 929 (Dist. Colo. 1963); United States v. Cross, 170 F.Supp 303 (DC Dist 1959); and United States v. Icardi, 140 F.Supp 383 (DC Dist. 1956).  Each of those cases involved abuses of prosecutorial power where the courts invalidated perjury indictments which resulted from those abuses.   The Court concluded the footnote stating that "No such circumstances are presented by this case."  Id. at n. 8.

The two concurring opinions likewise recognized valid challenges to a perjury prosecution based on a violation of due process.  Justice Brennan's concurrence states,

> "Further, the record satisfies me that the respondent's false answers were not induced by governmental tactics or procedures so inherently unfair under all the circumstances as to constitute a prosecution for perjury a violation [sic] of the Due Process Clause of the Fifth Amendment." Id. at 585.

Justice Stewart likewise distinguished circumstances, like the present, in which due process was violated: "Since this is not a case where it could plausibly be argued that the perjury prosecution must be barred because of prosecutorial conduct amounting to a denial of due process, I would reverse. . ." Id. at 608 citing Brown v. United States, *Supra*.

The Supreme Court again took up the issue of a Fifth Amendment challenge to a perjury

conviction based on the defendant's contention that she had not been given her Miranda warnings in United States v. Wong, 431 U.S. 174 (1977). Both the Fifth Amendment privilege and due process were addressed by the Court. In the Court's discussion there is no suggestion of foreclosure of a Fifth Amendment due process challenge to a perjury conviction. Consistent with the Court's holding in Mandujano, the Court in Wong first held that the Fifth Amendment privilege was not violated. Turning to due process, the Court reasoned that because the unfairness alleged by the defendant was that she was not informed of her Fifth Amendment privilege her argument was essentially one covered by the holdings of the Court regarding the privilege. However, the Court explicitly distinguished the circumstance of the unfairness that might result from impermissibly calling a defendant before a grand jury:

> "The 'unfairness' perceived by respondent is <u>not the act of calling a prospective defendant to testify before a grand jury</u> but rather the failure effectively to inform a prospective defendant of the Fifth Amendment privilege. Thus, the core of respondent's due process argument, and of the Court of Appeal's holding, in reality relates to the protection of values served by the Fifth Amendment privilege, a privilege which does not protect perjury." Id. at 179-180. (emphasis added).

Again, like in Orta, the Court is obviously referring to the circumstance of a perjury trap.

United States v. Olmeda, 839 F.2d 1433 (11th Cir. 1988), also cited by the Government, and decided approximately ten years after Wong, likewise distinguished its holding based on the Fifth Amendment privilege from circumstances involving a perjury trap: "Here, as in United States v. Whitaker, 619 F.2d 1142 (5th Cir. 1980) there is no evidence that the government was using the grand jury mechanism to set a trap for Olmeda." Id. at 1437.

In sum, the government's argument that false statements will never be suppressed, or an

4

indictment based on them dismissed, where they were procured in violation of the defendant's rights, is soundly refuted by the very authorities the Government relies on for its position.

                                      Respectfully submitted,

                                      /s/ Max D. Stern
                                      Max D. Stern
                                      BBO No. 479560
                                      Stern, Shapiro, Weissberg
                                       & Garin, LLP
                                      90 Canal Street, Suite 500
                                      Boston, MA 02114-2022
                                      (617) 742-5800

Dated:  April 10, 2006

**CERTIFICATE OF SERVICE**

       I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 4/10/06 .

/s/ Max D. Stern