UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARKO BOSKIC ) | Case No. 04-CR-10298-DPW |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE
SURVIVOR TESTIMONY**

Defendant hereby moves this Court to exclude the proffered testimony of two survivors of the mass executions of Muslim men that occurred at Branjevo Military Farm in 1995. The probative value of the testimony is "substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. The horrific testimony concerning various atrocities will evoke a highly emotional reaction from jurors while at the same time it will add nothing to facts that are in dispute in this case. In support of this motion, defendant states the following:

1. The government and defendant have entered into a detailed stipulation concerning the discovery and processing of mass burial sites unearthed in eastern Bosnia in 1996 and particularly at Branjevo Military Farm. This lengthy stipulation sets forth the findings of the archaeologists, anthropologists and pathologists involved in the exhumation of these bodies (see attached).

2. The defendant has offered to stipulate that there was a mass killing of Bosnian Muslim men on or about July 16, 1995 at Branjevo Military Farm, which is located in the Republic of Srpska region of Bosnia-Herzegovina in the former Yugoslavia, that the killings were carried

out by men wearing uniforms that identified them as members of the Army of the Republic of Srpska, and that the bodies exhumed by investigators in 1996 were those bodies.

    3. The government has informed defense counsel that it intends to call two survivors, Becir Salihovic (Salihovic) and Ahmo Hasic (Hasic), to testify and that they will attest to the killings on or about July 16, 1995 at Branjevo Military Farm.

    4. Neither witness can give any testimony regarding the defendant, nor can they identify him as participant of the events on or about July 16, 1995, or place him at Branjevo Military Farm.

    5. The government intends that the witnesses will testify to the events on or about July 16, 1995 at Branjevo Military Farm and give graphic descriptions of the killings and the aftermath. The government's trial brief also includes the witnesses' accounts of the days leading up to the killings, before they were brought to Branjevo Military Farm.

    6. The prior testimony of Hasic at a trial at the Hague (at the International Criminal Tribunal for the former Yugoslavia) regarding the events at Branjevo Military Farm included statements such as "I ran across corpse[s], dead bodies, from one dead body to another. There was no soil. I stepped on, and the corpses were moving as I walked on them." The government's trial brief includes Hasic's impressions of seeing people shot and beaten at a place called Bratunac, including: " . . . men were beaten by the soldiers . . . [I] could hear the cries of pain and moans, until they grew weaker and weaker as the victim died."[1] There is also a description of men being shot in a town called Pilica: "Hasic heard cries for help, curses and

---

[1] Trial Brief of the United States, p. 19

bursts of gunfire."[2]

7. In his testimony at the Hague (at the International Criminal Tribunal for the former Yugoslavia), Salihovic made statements including " . . . one man fell on my head. I think that he was killed on the spot. And I could feel the hot blood pouring over me". Also, the government's trial brief includes Salihovic's account of the week before he arrived at Branjevo Military Farm, including descriptions of killings: "one prisoner got up and the Serb soldiers kicked him and hit him with their rifles. Then one soldier shot the Muslim with a pistol and his body was thrown into the nearby river".[3]

8. The probative value of the witnesses' testimony is slight, especially in light of the parties' stipulation to the forensic evidence, the defendant's willingness to stipulate to the events at Branjevo Military Farm, the witnesses' inability to identify defendant in any way, and the fact that much of their testimony concerns events to which defendant has never been linked. The danger of unfair prejudice, on the other hand, is extremely high because of the gruesome nature of the events. Furthermore, the witnesses will testify to events other than the killings at Branjevo Military Farm. The proffered testimony has a strong tendency to suggest decision on an improper emotional basis.[4] The testimony will horrify the jury with graphic descriptions of torture and mass killings. The highly charged emotional testimony will make it impossible for the jury to fairly and impartially evaluate the evidence concerning the truth of defendant's various statements.

---

[2] Trial Brief of the United States, p. 19

[3] Id. At p. 14

[4] Fed. R. Evid. 403, Advisory Committee Notes.

9. According to the Advisory Committee Notes to Fed. R. Evid. 403, when proffered evidence has a tendency to evoke a highly emotional response from jurors that may result in unfair prejudice to the defendant, the Court should look to the "availability of other means of proof." Here, the fact that the 10th Sabotage Detachment Unit massacred Muslims at Branjevo Farm is not in dispute. Defendant will stipulate to this. The proffered testimony adds no relevant facts - - just highly charged emotion.

                                                Respectfully submitted,

                                                /s/ Patricia Garin
                                                Max D. Stern
                                                BBO NO. 479560
                                                Patricia Garin
                                                BBO No. 544770
                                                Stern, Shapiro, Weissberg
                                                 & Garin, LLP
                                                90 Canal Street, Suite 500
                                                Boston, MA 02114-2022
                                                (617) 742-5800

Dated: June 12, 2006

G:\SSWG\BOSKIC\Trial Docs\motion in limine.wpd