UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARKO BOSKIC ) | Case No. 04-CR-10298-DPW |

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE FRANCIS MONIN'S HABIT AND PRACTICE TESTIMONY RE: THE TRANSLATED INTERVIEW**

Defendant hereby moves this Court to exclude the proffered testimony of immigration officer Francis Monin regarding the Refugee Application interview he conducted with defendant on February 17, 2000 in Frankfurt, Germany. Although testimony regarding a routine interview might ordinarily be admitted as "habit evidence" under Fed. R. Evid. 406 (such as, "I routinely ask the following questions"), the existence of multiple layers of translation involved in this interview render the proffered evidence outside the scope of habit and practice evidence and make it inherently unreliable. In support of this motion, defendant states the following:

1. If a witness does not recall a specific event, he may testify that he routinely performs the same action and follows a standard procedure in doing so. *See* Fed. R. Evid. 406 ("Evidence of the habit of a person or of the routine practice of an organization ... is relevant to prove that the conduct of the person or organization on a particular occasion was in conformity with the habit or routine practice").

2. Habit evidence may even be used to established that a defendant submitted a false application. United States v. Ware, 282 F.3d 902, 906-07 (6th Cir. 2002) (Insurance agent's

testimony that he routinely interviews insurance applicants and observes them sign their applications admissible as evidence that defendant signed an application).

    3. However, defendant's interview with Monin involved at least three acts of translation. First, defendant wrote his application for refugee status in Serbo-Croatian. It was translated into English by a translator named Will Firth. Defendant submitted both the English and Serbo-Croatian versions of the I-590 form to immigration officials on or about September 3, 1999. He was called in for an interview on February 17, 2000. The English version of the application then served as the basis for his interview with Monin, who does not speak Serbo-Croatian. During the interview Monin's questions were asked in English and his questions were translated into Serbo-Croatian by an unknown translator. Finally, the defendant responded in Serbo-Croatian and his responses were once again translated into English by an unknown interpreter and recorded in English.

    4. A habit is an action that, in its repetition, "may become semi-automatic." Fed. R. Evid. 406, Advisory Committee Notes, 1972 Proposed Rules. In contrast, translation is a complex cognitive-linguistic activity that must be performed deliberately, not reflexively. Translating an interview, which by its very nature is a unique exchange, cannot become semi-automatic. Even if Francis Monin asked the defendant routine questions which would ordinarily be admitted as habit evidence, the translation of the interview makes it inadmissible as such.

    5. Unlike <u>Ware</u>, the instant case hinges not on Monin's habits and practices but on the content of the interview questions as translated and the content of the translated responses, not merely whether the defendant signed a particular form. The government must ascribe certain meanings to the questions and answers in order to prove the falsity of the responses. In light of the multi-layered translation involved, habit evidence is woefully inadequate to establish the

meanings of particular questions and answers with sufficient specificity.

6. Moreover, the government has produced no information in discovery concerning who, if anyone, translated Monin's questions and defendant's responses to those questions during the interview.

7. Without this basic foundation evidence, the interview questions and responses are inadmissible.  <u>United States v. Rengifo</u>, 789 F. 2d 975, 983 (1st Cir. 1986) (Transcripts of wiretapped telephone conversations translated from Spanish into English admissible where "the qualifications of the government's translators and the word-for-word accuracy of the transcripts were explored in depth at trial").  Unlike <u>Rengifo</u>, where the translation was merely a piece of evidence, here, the translated interview is the central feature of the case – i.e. in order to prove the falsity of defendant's responses, the government must attribute incontrovertible meaning to the particular words and phrases used in the interview.

        Respectfully submitted,

        /s/ Patricia Garin
        Max D. Stern
        BBO NO. 479560
        Patricia Garin
        BBO No. 544770
        Stern, Shapiro, Weissberg
         & Garin, LLP
        90 Canal Street, Suite 500
        Boston, MA 02114-2022
        (617) 742-5800

Dated: June 12, 2006

G:\SSWG\BOSKIC\Motion in Limine re habit evidence.wpd