UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
UNITED STATES OF AMERICA            )
                                   )   Case No. 04-CR-10298-DPW
                                   )
        v.                          )
                                   )
    MARKO BOSKIC                    )
_____)

**DEFENDANT'S MOTION IN LIMINE TO EXCLUDE TESTIMONY OF
DEFENSE DEPARTMENT EMPLOYEE ERIC BENN
AND THE GEOSPATIAL PHOTOGRAPHS THE
<u>GOVERNMENT WILL PROFFER THROUGH HIM</u>**

Defendant hereby moves to exclude the testimony of Defense Department employee Eric Benn and the numerous "geospatial intelligence" photographs the government intends to introduce through him. The probative value of Benn's testimony and his photographs is substantially outweighed by the prejudicial effect this evidence will have on jurors. The evidence is largely irrelevant and will simply waste time and confuse and prejudice jurors. Fed. Rule. Evid. 403.

In support of this motion, defendant states:

1. Eric Benn is an employee of the Department of Defense who is a senior analyst involved in producing intelligence and geospatial intelligence. According to the government's Trial Brief, Benn will testify about geospatial photographs taken of Branjevo Farm on July 5, July 17, September 21, and September 27, 1995. With this series of photographs, Benn will produce

evidence of undisturbed farmland (July 5, 1995 photos), then "dead bodies lying on the ground and the Serbs digging the graves for the victims killed at Branjevo." (July 17, 1995 photos). Gov't Trial Brief at 24.  Photographs taken on September 21, 1995 show an "undisturbed site" at Branjevo Farm and the photographs from September 27, 1995 "depict a newly excavated trench.  A backhoe and front loader are present at the site."  Id. Additional photographs taken on September 27, 1995 depict a newly created trench on Cancari Road and the photographs of October 2, 1995 depict a trench that had been filled in.  The government claims it needs this evidence to establish "that the bodies from Branjevo had been re-buried at Cancari... between September 21 and October 2, 1995."  Id.

    2.  All of this proffered evidence, however, is set forth in great detail in the forensic Stipulation, already agreed to by the parties, that is attached to Defendant's Motion in Limine to Exclude Survivor Testimony.  Defendant agreed to this Stipulation believing that this would eliminate the need for this type of forensic evidence.  Defendant agreed to this broad and detailed Stipulation even though there is no evidence that defendant had any involvement in the digging of the trenches, the burial of the bodies, the relocation of the bodies, or the reburial of the bodies.  He did this in order to avoid the introduction of largely irrelevant but highly explosive forensic evidence.

3. The government also plans to introduce photographs through Benn that "depict locations that will be described by the survivors and others." Id. The government gives a very general description of these photographs on pp. 24-25 of its Trial Brief.[1] For many of these photographs, there will be no evidence connecting defendant to these other locations.

4. None of the photographs depict defendant.

5. None of the photographs are relevant to the issue of whether defendant gave false statements on his immigrations forms in 2000 and 2001 or to federal investigators in 2004.

6. The agreed-upon Stipulation already includes the relevant facts to which Benn will testify and which the photographs will depict.

---

[1] Defendant has not yet seen any of these actual photographs. Defendant has received photocopies of twenty-one (21) geospatial satellite photographs but the photocopies are completely undecipherable and are useless in evaluating the prejudicial effect their presentation will have on the jury.

7. The proffered testimony and photographs will serve only to horrify the jury, waste time, and confuse the jury as to the matters that are at issue in this case.

                                        Respectfully submitted,

                                        /s/ Patricia Garin
                                        Max D. Stern
                                        BBO NO. 479560
                                        Patricia Garin
                                        BBO No. 544770
                                        Stern, Shapiro, Weissberg
                                         & Garin, LLP
                                        90 Canal Street, Suite 500
                                        Boston, MA 02114-2022
                                        (617) 742-5800

Dated: June 12, 2006

G:\SSWG\BOSKIC\Trial Docs\exclude testimony of eric benn.wpd