**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|  | ) | Case No. 04-CR-10298-DPW |
| v. | ) | |
| MARKO BOSKIC | ) | |

**DEFENDANT MARKO BOSKIC'S SUPPLEMENT TO TRIAL BRIEF**

Defendant hereby supplements his Trial Brief with the following additional legal issue that will arise at trial in this case:

**An Omission of Information Does Not Constitute a Crime Under the Sections of 18 U.S.C. §§ 1546 and 1001 With Which the Defendant Has Been Charged**

Counts One, Two and Five of the indictment are based on the defendant's alleged failure to disclose his participation in the Army of the Republic of Srpska in his answers to questions on INS forms and to investigators. However, under the portions of §§1546 and 1001 with which he is charged, evidence of an omission is not sufficient for a conviction for a "false statement."

In United States Diogo, 320 F.2d 898 (2nd Cir. 1963), the Court held that a "false statement" is not proved under either §1546 or §1001 where the defendant's response to a question was true though incomplete. The court explained that §1001 "encompasses within its proscription two distinct offenses, concealment of a material fact and false representation. . .False representations, like common law perjury, require proof of actual falsity; concealment requires proof of wilful non-disclosure by means of a 'trick, scheme or device.'" Id. at 902. Although the court was specifically addressing §1001, it drew no distinction between false statements in §1001 and §1546. "[T]he statutory pattern reveals that acts sufficient to constitute

violation of the relevant clause of 18 U.S.C. 1546 will also constitute a violation of 18 U.S.C. §1001." Id. at 902.

The Diogo Court held that the defendant's statement that he was married, but his failure to reveal that the marriage was a sham marriage for immigration purposes, was insufficient for a conviction under the false statement provision of either §1001 or §1546. The Court explained that a prosecution for false statements cannot be

> grounded upon the omission of an explanation, which omission only carries with it 'implications of a state of facts which were not. . .true.' To so hold would distort the language of the statute and assimilate the separate offense of concealment into the different one of false representations. . .

Id. at 905. See United States v. Stewart, 433 F.3d 273 (2nd Cir. 2006) ("a conviction for false representations requires evidence of actual falsity, while concealment is proved by showing 'wilful nondisclosure by means of a 'trick, scheme or device.'")

The defendant answered the questions regarding his military service by disclosing his service in the Yugoslav National Army. There is no dispute that he so served; his answer was literally true. Accordingly, the defendant's alleged omission of military service in the Army of the Republic of Srpska, even if proved, would not constitute evidence of actual falsity and would fall short evidence sufficient for a conviction under §1546 and §1001.

Respectfully submitted,

/s/ Patricia Garin
Max D. Stern
BBO NO. 479560
Patricia Garin
BBO No. 544770
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: June 13, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on   6/13/06  .
/s/ Patricia Garin

G:\SSWG\BOSKIC\Supplement to Trial Brief.wpd