# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Case No. 04-CR-10298-DPW |
| v. | ) ) ) |  |
| MARKO BOSKIC | ) ) |  |

## DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS

Defendant requests that the Court include the attached instructions in its instructions to the jury.

                                                      Respectfully submitted,

                                                      /s/ Patricia Garin
                                                      Max D. Stern
                                                      BBO NO. 479560
                                                      Patricia Garin
                                                      BBO No. 544770
                                                      Stern, Shapiro, Weissberg
                                                       & Garin, LLP
                                                      90 Canal Street, Suite 500
                                                      Boston, MA 02114-2022
                                                      (617) 742-5800

Dated: June 14, 2006

### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on   6/14/06  .
/s/ Patricia Garin

**Jury Instruction Request No. 1:**

**Testimony by Government Witnesses Regarding
Defendant's Statement or Confession**

When the prosecution introduces evidence of a defendant's confession or statement that is the product of a custodial interrogation or an interrogation conducted at a law enforcement office, and there is not at least an audiotape recording of the entire interrogation, the jury should be cautioned that, because of the absence of any recording of the interrogation, they should weigh the testimony of what the defendant is alleged to have stated with great caution and care.[1]

---

[1] See Commonwealth v. DiGiambattista, 442 Mass. 423, 448-449 (2004).

**Jury Instruction Request No. 2:**

**False Statements in Document
Required by Immigration Law
(18 U.S.C. § 1546(A))**

Defendant is charged with making a false statement under oath in a document required by federal immigration laws.  For you to find defendant guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

*First*, that defendant knowingly made a material false statement under oath;

*Second*, that defendant made the statement voluntarily and intentionally; and

*Third*, that defendant made the statement in an immigration form [identify number and title of document]

A false statement is made "knowingly" if the defendant knew that it was false at the time he made the statement.  For a false statement to have been made "knowingly," the statement must not have been made because of mistake or accident, such as a misunderstanding or misinterpretation of the question asked.[2]

The statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed.

A statement is "false" if it is in fact untrue when made.  The defendant may not be convicted if his statement is "actually true," meaning true in and of itself, even if the statement is misleading and the defendant intended his statement to be misleading.[3]  The defendant also may not be convicted if his statement was "actually true," meaning true in and of itself, even if the defendant's answer omitted a fact.[4]

If a question on the form can be interpreted in several ways, the government must prove

---

[2] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition - "Knowingly" ("means the act was done voluntarily and intentionally and not because of mistake or accident").

[3] Bronston v. United States, 409 U.S. 352 (1973); United States v. Diogo 320 F. 2d 898 (2nd Cir. 1963);  United States v. Gatewood, 173 F. 3d 983, 988 (6th Cir. 1999).

[4] United States v. Gatewood, 173 F. 3d 983, 988 (6th Cir. 1999).

that the defendant's answer was false under all of those interpretations.[5]

---

[5] United States v. Hatch, 434 F. 3d 1, 6 (1st Cir. 2006) (jury instruction that "if the ...question can be interpreted in several ways, then the government has to prove that the answer is false under any reasonable interpretation" was an appropriate instruction).

**Jury Instruction Request No. 3:**

**Making a False Statement to a
Federal Agency
(18 U.S.C. § 1001)**

Defendant is charged with making a false statement in a matter within the jurisdiction of a government agency. For you to find the defendant guilty of this crime you must be convinced that the government has proven each of these things beyond a reasonable doubt:

*First*, that defendant knowingly made a material false statement;

*Second*, that defendant made the statement voluntarily and intentionally; and

*Third*, that defendant made the statement in a [e.g., U.S. Customs declaration].

A false statement is made "knowingly" if the defendant knew that it was false at the time he made the statement. For a false statement to have been made "knowingly," the statement must not have been made because of mistake or accident, such as a misunderstanding or misinterpretation of the question asked.[6]

The statement is "material" if it has a natural tendency to influence or to be capable of influencing the decision of the decisionmaker to which it was addressed.

A statement is "false" if it is in fact untrue when made. The defendant may not be convicted if his statement is "actually true," meaning true in and of itself, even if the statement is misleading and the defendant intended his statement to be misleading.[7] The defendant also may not be convicted if his statement was "actually true," meaning true in and of itself, even if the defendant's answer omitted a fact.[8]

If a question on the form can be interpreted in several ways, the government must prove

---

[6] See Federal Jury Practice and Instructions, Pattern and Model Instructions - Criminal Pattern Jury Instructions First Circuit, 1998 Edition - "Knowingly" ("means the act was done voluntarily and intentionally and not because of mistake or accident").

[7] Bronston v. United States, 409 U.S. 352 (1973); United States v. Diogo 320 F. 2d 898 (2nd Cir. 1963); United States v. Gatewood, 173 F. 3d 983, 988 (6th Cir. 1999).

[8] United States v. Gatewood, 173 F. 3d 983, 988 (6th Cir. 1999).

that the defendant's answer was false under all of those interpretations.[9]

---

[9] United States v. Hatch, 434 F. 3d 1, 6(1st Cir. 2006) (jury instruction that "if the ...question can be interpreted in several ways, then the government has to prove that the answer is false under any reasonable interpretation" was an appropriate instruction).