UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| V. | ) | Criminal No. 04-10298-DPW |
| | ) | |
| | ) | |
| MARKO BOSKIC | ) | |

GOVERNMENT'S MOTION IN LIMINE TO EXCLUDE
TESTIMONY OF PROFESSOR SUSAN BERK-SILIGSON

The government moves to exclude the testimony of defense witness Professor Susan Berk-Siligson. The limited information that was provided by the defense concerning the scope of her anticipated testimony does not provide a basis for the admissibility of her testimony. Rather than assist the jury, the proffered testimony would be the source of confusion. Further, the jurors can decide the issues without an expert's help.

**Proffered "Expert" Testimony**

The defendant has stated his intention to call Professor Susan Berk-Siligson, a Professor of Linguistics at Vanderbilt University, as an expert witness concerning the inherent inaccuracies in translation and interpretation. According to the defendant's trial brief Ms. Berk-Siligson will further testify to "the necessity of qualified translators in legal translation and the increased chance of error with unqualified or under qualified translators and the linguistic ambiguity and complexity fo certain question on the I-590 and I-485." Defendant's Trial Brief at 13.

**The Court Should Exclude the Testimony of Berk-Siligson**

Admission of Professor Berk-Siligson's testimony would violate Fed. R. Evid. 702 because it would not help the trier of fact to understand the facts or evidence, but would instead serve to confuse the jury regarding a matter they are equipped to determine as a matter of their own common sense. Under Rule 702, expert testimony is permissible when it "will assist the trier of fact to understand the evidence or to determine a fact in issue...." According to the Advisory Committee's Note, the test for determining whether expert testimony would assist or be helpful to the trier of fact is whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having specialized understanding of the subject. Adv. Comm. Note to Fed. R. Evid. 702.

Trial courts enjoy considerable latitude in deciding whether to admit or exclude expert testimony, see United States v. Ladd, 885 F.2d 954, 959 (1st Cir. 1989); United States v. Wilson, 798 F.2d 509, 517 (1st Cir. 1986), and appellate courts review such rulings for abuse of discretion. United States v. Sebaggala, 256 F.3d 59, 66 (1st Cir. 2001); United States v. Montas, 41 F.3d 775, 783 (1st Cir. 1994). Thus in United States v. Rivera Rodriguez, 808 F.2d 886 (1st Cir. 1986) the Court of Appeals for the First Circuit upheld the district court's decision to admit

the testimony of an expert regarding the use of a sifter-grinder in a case involving distribution of cocaine. 808 F.2d at 888. The Court of Appeals for the First Circuit stated, “it is doubtful that the jurors could have determined, without the aid of the expert witness, that the sifter-grinder is an instrument that can be used to adulterate cocaine. We do not consider this information to be within the common knowledge of jurors and thus, an appropriate explanation by an expert is preferable to jury speculation.” Id.

However, expert testimony does not assist where the trier of fact has no need for an opinion because it easily can be derived from common sense, common experience, the trier of fact's own perceptions, or simple logic. United States v. Zajanckauskas. 441 F.3d 32, 39 (1st Cir. 2006)(quoting 29 Charles Alan Wright & Victor James Gold, Federal Practice and Procedure § 6264 (2005)); see also Salem v. United States Lines Co., 370 U.S. 31, 35 (1962); US v. Affleck, 776 F.2d 1451, 1458 (10th Cir. 1985). In Affleck, the Court found no error in the exclusion of expert testimony from a “memory expert,” since the “average person is able to understand that people forget.” 776 F.2d at 1458; see also McCabe v. Rattiner, 814 F.2d 839, 843 (1st Cir. 1987)(upholding decision to exclude expert testimony in a libel action, where the testimony was proffered to illuminate the meaning of the word “scam” as used in a newspaper story).

Similarly, in a case involving false statements on a U.S. Customs form by a non-native English speaker, the Court of Appeals for the First Circuit upheld the decision of the lower court to exclude the testimony of a linguist who would have testified that the customs forms were confusing to the defendant. United States v. Sebaggala, 256 F.3d 59 (1st Cir. 2001). In Sebaggala, the Court stated, “common sense supports the district court's determination that jurors would understand, without the aid of expert testimony, that an individual whose primary language is other than English might have difficulty comprehending bureaucratic forms.” Id. at 66.

Other courts have similarly excluded the testimony of linguists on issues of common understanding because they are unhelpful or confusing to the jury. For example, in World Boxing Council v. Cosell, 715 F. Supp. 1259 (S.D.N.Y. 1989), the court excluded the testimony of a linguist proffered to explain whether Howard Cosell libeled the plaintiff boxing organization in his book. In so ruling, the court stated:

> [t]he Rule [F.R.E. 702] excludes Dr. Lashner's testimony, Cosell argues, because the testimony is more confusing than probative, ultimately unhelpful to the trier of fact, and would discourage the factfinder from using his own judgment on an issue for which a factfinder is amply suited to make his own judgment. I find Cosell's argument persuasive, and would exclude Dr. Lashner's testimony at trial on the grounds he sets forth. A layman is perfectly capable of reading Cosell's book and comparing it with the articles he claims to have relied on, without the "help" of a linguistics expert. Therefore, Dr. Lashner's testimony

> would waste the time of both the jury and the court. Because it *transforms a common sense issue into a technical one, and relies on virtually incomprehensible pseudo-scientific jargon, Dr. Lashner's analysis must be excluded as more apt to confuse than to enlighten*, more unfairly prejudicial than probative.

Id. at 1265 (emphasis added); see also Tilton v. Capital Cities/ABC, 938 F. Supp. 751, 753 (D. Okla. 1995)(finding that expert testimony by a linguist would not help the jury determine whether a PrimeTime broadcast had defamed plaintiff as it was within the average juror's understanding and alternatively that such testimony would be confusing and a waste of time); Infinity Broadcasting Corp. v. Great Boston Radio, II, 1993 WL 34369 (D. Mass. 1993)(stating, on the issue of confusion over radio call letters, "it is far from clear that this is a subject on which the expert testimony of a linguist is useful.... Any person with average hearing ability... is presumably as qualified as a linguist to make this determination."); Virginia Tech Foundation Inc. v. Family Group Ltd. V, 666 F. Supp. 856 (W.D. Va. 1987)(stating, on the issue of confusion over radio call letters, "the experts, in my opinion, did more to obfuscate the problem than they did to clarify it. They undertook to describe in technical and polysyllabic jargon that which is obvious to the ordinary person with reasonably good vision and hearing.")

In the instant case, the clarity of questions on two immigration forms are questions that the average juror is qualified to determine without enlightenment from expert

linguists. See Adv. Comm. Note to Fed. R. Evid. 702. The issue is not complex or technical, but involves language aimed at a general audience. See Stromback v. New Line Cinema, 384 F.3d 283, 295 (6th Cir. 2004). The "inherent ambiguities" of questions on the immigration forms are easily comprehensible to the average juror as a matter of common sense, common experience, the juror's own perceptions, and simple logic. See Zajanckauskas, 441 F.3d at 39. The average juror is similarly capable of recognizing that language itself sometimes contains ambiguities and that translations may be inaccurate. See id.

Furthermore, to the extent that Ms. Berk-Siligson is proffered to testify to the inaccuracies of translation from English into Serbo-Croatian, her testimony would duplicate the testimony of Milan Jelic, defendant's expert interpreter, who has been proffered to testify to the "varying possibilities of interpretation and meaning."[1] See Defendant's Trial Brief at 13; see also Fed. R. Evid. 403. Here the simple issue is whether the questions on the forms are confusing or clear. Such a question of fact is most appropriately decided by the jury as a matter of common sense and intelligence. See Adv. Comm. Note to Fed. R.

[1]The government does not concede that the testimony of Milan Jelic, as proffered by the defendant is admissible. The defendant has not identified with any particularity what Jelic will say was the alleged incorrect interpretations of the questions on the forms. With reference to the answers, it now appears likely that the parties will agree on an accurate translation.

Evid. 702. Like the linguists in Sebaggala and World Boxing Council, or the "memory expert" in Affleck, the expert testimony here would transform a common sense issue into a technical one, thus serving to complicate the issue and confuse the jury. See Affleck, 776 F.2d at 1458; Sebaggala, 256 F.3d at 66; World Boxing Council, 715 F. Supp. at 1265.

**Conclusion**

Wherefore, the Court should exclude the testimony of Professor Berk-Siligson.

Respectfully submitted,

For the United States:

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Jeffrey Auerhahn
JEFFREY AUERHAHN
KIMBERLY P. WEST
Assistant U.S. Attorneys

Dated: June 21, 2006

CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

/s/ Jeffrey Auerhahn
Jeffrey Auerhahn
Assistant U.S. Attorney