UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | Case No. 04-CR-10298-DPW |
| v. | ) ) ) |  |
| MARKO BOSKIC | ) ) ) |  |

**DEFENDANT MARKO BOSKIC'S MOTION TO RE-OPEN THE
EVIDENCE ON DEFENDANT'S MOTION TO SUPPRESS AND TO
RECONSIDER THE DECISION DENYING THE MOTION TO SUPPRESS**

Defendant Marko Boskic hereby moves this Court to re-open the evidence on defendant's motion to suppress and to reconsider its decision denying that motion. In support of this motion, defendant states:

1. This Court denied defendant's motion to suppress his statements to agents Carroll, Hughes and to ICTY investigator Graham, in part, because the Court believed that defendant had been given his Miranda rights at the beginning of the interview. Specifically, the Court noted that:

> Contrary to the defense's contention, the introduction of Miranda rights at the outset is not necessarily inconsistent with the plan to hide the true nature of the interview. Although Boskic was not in custody when the interview began – and as a result Agent Carroll was not required to "Mirandize" Boskic – the agents plainly sought to protect the fruits of their efforts in case Boskic challenged their surreptitious strategy, as he know does. The agents were apparently willing to risk that Boskic would not be surprised or suspicious about receiving Miranda warnings on an INS form, in addition to an oath, at the outset of an immigration interview.

Memorandum and Order, June 2, 2006, p. 9, n.4.

2. The Court's inference that agents Carroll and Hughes would be willing to risk

defendant's reaction to the rendition of Miranda rights is inconsistent with the evidence produced by the government on Friday, June 23, 2006. On that date, defense counsel learned for the first time that as of the time of the ICE/FBI interview on August 25, 2004, agents Carroll and Hughes knew that if they could not get defendant to confess, they had no case against him at all. As of August 25, 2004, the only potential witness the government had located who could possibly prove defendant's involvement in the 10th Sabotage Detachment as well as in the events at Branjevo Farm was Drazen Erdemovic. Erdemovic had testified in numerous ICTY trials. However, in an FBI report dated "8/22/2004", which purports to summarize "investigative actions taken over the past six months", agent Hughes writes that Erdemovic has refused to testify in the Boskic case and that it is "unlikely" that his testimony will be available for use in court. (See FBI report, attached hereto).

    3. This newly learned information completely changes the Court's calculus of the risk the agents would be willing to take. The agents were not asking defendant questions about his military service simply to see if defendant would answer differently since he was then "legal", as agent Carroll testified. (Transcript of Suppression Hearing, Day 1, p.86). They were questioning him because they already knew that, without a confession, they had no case whatsoever, despite at least nine months of intense investigative work in Bosnia and the United States.

    4. Plainly, the agents would not have taken the risk that defendant would become suspicious and not talk if read his Miranda rights. Contrary to the Court's belief expressed in footnote 4 of the Memorandum and Order, the agents would not have taken that risk because if defendant refused to talk, the case would have been over.

5.  Defendant requests that the Court re-open the evidence on defendant's motion to suppress, reconsider its ruling, and allow the motion to suppress.

Respectfully submitted,

/s/ Patricia Garin
Max D. Stern
BBO No. 479560
Patricia Garin
BBO. No 554770
Stern, Shapiro, Weissberg
 & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
(617) 742-5800

Dated: June 26, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on  6/26/06  .

/s/ Patricia Garin

G:\SSWG\BOSKIC\Trial docs\renewed motion to suppress