UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>MARKO BOSKIC )<br>) | Criminal No. 04-10298-DPW |

## GOVERNMENT'S MOTION FOR TWO-WAY VIDEO CONFERENCING

The government respectfully requests that this Court accept the testimony of defendant's witness, Zijad Zigic, through two-way video conferencing. The defendant's witness is presently in Croatia and has been barred by the United States government from traveling to the United States. The defendant's right to confrontation will not be violated because the Sixth Amendment does not apply to witnesses for the defense. Alternatively, even if the Confrontation Clause does apply in the instant case, the video-conferencing procedure is justified by important governmental objectives, and adequately protects the defendant's rights to fairness and due process.

The Confrontation Clause of the Sixth Amendment provides, "in all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . ." U.S. Const. amend. VI. The central concern of the Confrontation Clause is to ensure the reliability of the evidence against a criminal defendant by subjecting it to rigorous testing in the context of an adversary proceeding before the trier of fact. Maryland v. Craig, 497 US 836, 845 (1990). While the optimal way of conducting a trial is for the witness to appear in person, "[t]he Confrontation Clause is generally satisfied when the defense is given a full and fair opportunity to prove and expose [testimonial] infirmities [such as forgetfulness, confusion, or evasion] through cross examination...." Delaware v. Fensterer, 474 US 15, 22 (1985). The Confrontation Clause of the

U.S. Constitution thus reflects a preference for face-to-face confrontation at trial, a preference that must occasionally give way to considerations of public policy and the necessities of the case. Craig, 497 US at 849. In Craig, the Supreme Court confirms that "a defendant's right to confront accusatory witnesses may be satisfied absent a physical, face-to-face confrontation at trial only where denial of such confrontation is necessary to further an important public policy and only where the reliability of the testimony is otherwise assured." Id. at 850. Thus courts have permitted video conferencing technology as an alternative means of taking the testimony of witnesses in criminal cases when there is good cause or compelling circumstances. See e.g., U.S. v. Beaman, 322 F. Supp. 2d 1033, 1034 (D.N.D. 2004)(permitting government witness to testify to the results of urinalysis); Edwards v. Logan, 38 F. Supp. 2d 463, 465 (W.D. Vir. 1999)(permitting testimony by closed circuit television of a child witness).

In the instant case, the witness is proffered by the defendant, and therefore is not a witness "against" the defendant whose physical absence from the courtroom could violate the Sixth Amendment. See Const. amend VI.

Furthermore, even if the Confrontation Clause applies to the witness in the instant case, the witness' appearance by teleconference will not deprive the defendant of his right to confront the witness. See Const. amend VI. The witness will be testifying under oath, will be subject to cross-examination, and his demeanor will be observable to the jurors. See Craig, 497 US at 845.

Wherefore, the government respectfully requests that this Court accept the testimony of the defendant's witness through two-way video conferencing. The defendant will have an opportunity to examine the proffered witness as if he were present, the government will have an opportunity to cross-examine, and the jury will be able to observe his demeanor on the Court's 40 inch plasma screen. The witness will also be able to see the defendant and the prosecution as he testifies.

                Respectfully submitted,

                MICHAEL J. SULLIVAN
                United States Attorney

By:   /s/ Kimberly P. West
       KIMBERLY P. WEST
       JEFFREY AUERHAHN
       Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

     I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                /s/ Kimberly P. West
                Kimberly P. West

Dated: June 28, 2006