```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA      )
                              )
                              )
        V.                    )    Criminal No. 04-10298-DPW
                              )
                              )
MARKO BOSKIC                  )
```

### GOVERNMENT'S REQUEST FOR JURY INSTRUCTION

The government requests that the jury be instructed that duress is not a defense to murder, mass murder, or genocide. Absent such an instruction, the jury might erroneously conclude that, if they believe that the defendant participated in the execution at Branjevo while under duress, then he would not be legally guilty of murder or genocide, and therefore, could truthfully answer "no" to the relevant question on the immigration document.

To successfully assert the duress[1] defense, a defendant must show that he (1) was faced with a choice of evils and chose the lesser evil, (2) acted to prevent imminent harm, (3) reasonably anticipated a direct causal relationship between his acts and the harm to be averted, and (4) had no legal alternative. *See* United States v. Nelson-Rodriguez, 319 F.3d 12, 40 (1st Cir. 2003).

---

[1] The cases speaks in terms of a "necessity" defense. Many courts distinguish necessity from duress by defining a necessity defense as involving physical forces beyond the defendant's control, while duress involves coercion from another human being. United States v. LaFleur, 971 F.2d 200, 205, n.3 (9th Cir. 1992).

A duress defense is not available to Boskic. First, Boskic admitted that the Unit refused to participate in the killing of 500 additional prisoners, and were not punished for their refusal. Second, and most importantly, even assuming that Boskic would have been himself killed if he didn't participate in the execution of the civilian Muslim prisoners, he still cannot excuse his participation in the murder of hundreds of unarmed civilians. See Rhode Island Recreation Center v. Aetna Casualty & Surety Co., 177 F.2d 603, 605 (1st Cir. 1949) ("it appears to be established, however, that *although coercion or necessity will never excuse taking the life of an innocent person*, it will excuse lesser crimes") (emphasis added).

This position has been echoed in other circuits. See United States v. Buchanan, 529 F.2d 1148, 1153 (7th Cir. 1976) ("coercion is not a defense to murder"); Oswald v. Bertrand, 374 F.3d 475, 481 (7th Cir. 2004) ("[d]efenses such as self-defense, public and private necessity, and coercion are not intended for cases in which a person kills an innocent to save his own hide, as when the shipwrecked defendants in the famous case of Regina v. Dudley & Stevens, 14 Q.B.D. 273 (1884), ate the cabin boy rather than starve, and were convicted of murder"); LaFave & Scott, *Substantive Law* §5.3 (1986) ("Duress cannot justify the intentional killing ... of an innocent third person.").

In <u>United States v. LaFleur</u>, 971 F.2d 200 (9th Cir. 1991), the Court of Appeals for the Ninth Circuit explained the rationale for rejecting a duress defense to murder.

> The duress defense, which provides the defendant a legal excuse for the commission of the criminal act, is based on the rationale that a person, when confronted with two evils, should not be punished for engaging in the lesser of the evils.

971 F.2d at 204.

> The rationale of the defense is not that the defendant, faced with the unnerving threat of harm unless he does an act which violates the literal language of the criminal law, somehow loses his mental capacity to commit the crime in question. Nor is it that the defendant has not engaged in a voluntary act. Rather it is that, even though he has done the act the crime requires and has the mental state which the crime requires, his conduct which violates the literal language of the criminal law is justified because he has thereby avoided a harm of greater magnitude.

971 F.2d at 205, quoting Lafave & Scott, *Substantive Criminal Law* §5.3 (1986) (footnotes omitted).

> The "choice of evils" rationale for the duress defense is strained when a defendant is confronted with taking the life of an innocent third person in the face of a threat to his own life. The choice of evils rationale necessarily presumes that the threatened harm to the defendant is greater than the resulting harm from the defendant's commission of the crime. When the defendant commits murder under duress, the resulting harm – i.e. the death of an innocent person – is at least as great as the threatened harm – i.e. the death of the defendant. For this reason, the common law rejected duress as a defense to murder.

971 F.2d at 205.

The Court held that "[w]e believe that, consistent with the common law rule, a defendant should not be excused from taking the life of an innocent third person because of threat of harm to

himself." 971 F.2d at 206. (In addition, "duress cannot legally mitigate murder to manslaughter." Id.)

Therefore, the jury should be instructed that duress is not a defense to murder, mass murder, or genocide.

                                    Respectfully submitted,

                                    For the United States:

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                          By:  /s/ Jeffrey Auerhahn
                                    JEFFREY AUERHAHN
                                    KIMBERLY P. WEST
                                    Assistant U.S. Attorneys

Dated:    July 6, 2006

## CERTIFICATE OF SERVICE

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

                                    /s/ Jeffrey Auerhahn
                                    Jeffrey Auerhahn
                                    Assistant U.S. Attorney