UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA     )<br>                                         )<br>        v.                              )<br>                                         )<br>MARKO BOSKIC                               )<br>                                         ) | **Criminal No. 04-10298-DPW** |

## GOVERNMENT'S REQUEST FOR FALSE STATEMENT INSTRUCTIONS

The defendant has proposed jury instructions to the Court that deviate from the pattern jury instructions in a significant way. The defendant's suggested instructions on false statements would appear to constrict the meaning of "knowingly" by excluding any false or misleading statement made as a result of "a misunderstanding or misinterpretation of the question asked." Such an instruction would allow the defendant to preserve the defense of ignorance simply by claiming that he misunderstood the question even if he did so by consciously rejecting an obvious or likely meaning of the question. Given the emphasis on translation in the instant case, it is appropriate that the jury instructions are modified to include the words "misunderstanding" and "misinterpretation." However, since these ideas implicate concerns over deliberate misunderstanding, the proposed modification of jury instructions requires an additional sentence clarifying that "knowingly" includes such purposeful avoidance of the truth.

The government suggests modifying the relevant paragraph of the model instructions so that it reads:

> A false statement is made "knowingly" if the defendant knew that it was false at the time he made the statement. For a false statement to have been made "knowingly," the statement must not have been made because of mistake or accident, such as a genuine misunderstanding or honest misinterpretation of the question asked. A false statement is made "knowingly" if the defendant knew that it was false or deliberately avoided learning or understanding the actual

meaning of the question.

See FIRST CIRCUIT PATTERN JURY INSTRUCTIONS – CRIMINAL, 1998, §4.08 (false statements); see also id., at §2.14 (willful blindness); Model Penal Code, §2.02(7)("such knowledge is established if a person is aware of a high probability of its existence, unless he actually believes that it does not exist").  The suggested modification of the model jury instructions stresses that the misunderstanding and misinterpretation must be "genuine" and "honest" and is not merely a tactic by the defendant to preserve the defense of ignorance.  See Ira P. Robbins, *The Ostrich Instruction: Deliberate Ignorance as a Criminal Mens Rea*, 81 J. CRIM. L. & CRIMINOLOGY 191, 192 (1990).  Additionally, the concluding sentence of the suggested instruction clarifies that a genuine misunderstanding cannot be purposeful or the result of deliberate and willful blindness.  See, e.g., U.S. v. Singh, 222 F.3d 6, 11-12 (1st Cir. 2000); see also GLANVILLE WILLIAMS, CRIMINAL LAW: THE GENERAL PART §57, at 159 (2d ed. 1961).

Given the emphasis on translation in the instant case, it is appropriate to modify the pattern jury instructions to include the phrase, "genuine misunderstanding or honest misinterpretation."  However, including these ideas in the jury instructions unduly restricts the meaning of "knowingly" and requires the final explanatory sentence clarifying the permitted boundaries of such misunderstandings.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Kimberly P. West
      KIMBERLY P. WEST
      JEFFREY AUERHAHN
      Assistant U.S. Attorneys

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

                                  /s/ Kimberly P. West
                                  Kimberly P. West

Dated: July 7, 2006