UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                               )
UNITED STATES OF AMERICA       )
                               )    Case No. 04-CR-10298-DPW
                               )
         v.                    )
                               )
    MARKO BOSKIC                )
_____)
```

**DEFENDANT'S OPPOSITION TO THE GOVERNMENT'S
REQUEST FOR FALSE STATEMENT INSTRUCTION**

The defendant opposes the government's proposed additions to the "knowingly" instruction because they contradict the instructions for literal truth and arguable ambiguity. The government requests the court to instruct the jury as follows:

> For a false statement to have been made "knowingly," the statement must not have been made because of mistake or accident, such as a genuine misunderstanding or honest misinterpretation of the question asked. A false statement is made "knowingly" if the defendant knew that it was false or deliberately avoided learning or understanding the actual meaning of the question.

The last clause, "actual meaning of the question," is the most troublesome. There is no "actual meaning" of the question. There are only those meanings reasonably conveyed by the language used. The law with respect to arguable ambiguity requires an instruction that the government prove that the defendant did not understand the question in any one of its reasonable

interpretations that would render the defendant's answer to it true.  For the Court to suggest to the jury that there is an "actual meaning" of the question creates two problems: First, it suggests that there is only *one* meaning, and second, it suggests there exists a meaning that somehow transcends the language used to communicate it.  The effect would be to contradict, and in a juror's mind, likely abrogate, the court's instruction with regard to ambiguity.  This would significantly relieve the government of its burden.

The notion of "actual meaning" creates further problems.  In combination with the language "or deliberately avoided learning or understanding the actual meaning. . .," it creates the suggestion  that the defendant has an affirmative duty to discover the "actual meaning" of the question.  Beyond the fact that there is no actual meaning, the defendant does not have any obligation to learn the "truth" of an ambiguous question.  On the contrary, the defendant need only provide the literal truth even if he knows it to be misleading and is intentionally being misleading.  The government's proposed instruction therefore contradicts the literal truth instruction.

The clause "genuine misunderstanding or honest misinterpretation" also contradicts the literal truth instruction.  Although the defendant does not object to the word "genuine," he does object to the word "honest."  The word

"honest" contradicts the doctrine of literal truth which provides that an individual need only provide the literal truth. The defendant need not have an honest misinterpretation of a question (the term "misinterpretation" itself becomes distorted in the context of the government's proposition that there is an "actual meaning"). The defendant is only required to tell the literal truth and cannot be convicted even if he is intentionally trying to mislead. Instructing the jury that his misunderstanding must be honest would abrogate this aspect of the literal truth instruction.

                                    Respectfully submitted,


                                    /s/ Max D. Stern
                                    Max D. Stern
                                    BBO NO. 479560
                                    Patricia Garin
                                    BBO No. 544770
                                    Stern, Shapiro, Weissberg
                                      & Garin, LLP
                                    90 Canal Street, Suite 500
                                    Boston, MA 02114-2022
                                    (617) 742-5800

Dated: July 10, 2006


### CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on 7/10/06.

/s/ Max D. Stern