```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
                             )
                             )
          V.                 )    Criminal No. 04-10298-DPW
                             )
                             )
MARKO BOSKIC                 )
```

GOVERNMENT'S OPPOSITION TO DEFENDANT MARKO BOSKIC'S MOTION FOR ENTRY OF JUDGMENT OF ACQUITTAL ON COUNTS AND TWO

The defendant has moved for a judgment of acquittal as to Counts One and Two which alleged false statements on specific immigration forms.  The arguments he offers are substantially the same as he previously made in support of a pre-trial motion to dismiss.  Just as that motion was denied, his current motion should be denied as well.

The two counts each identified with particularity the statement that is allegedly false, as well as the true facts that make the statement he made false.  Each count described the false statement and the true facts as follows:

**Count One**

Count One concerned a false statement contained in Form I-590, Registration for Classification as a Refugee.  The false statement concerned the defendant's military service.  The indictment alleged that the defendant stated that his only military service was with the Yugoslav National Army.  The indictment further alleged that the statement was untrue because he had in fact served in the Army of the Republic of Srpska.

Question 14 on the Form I-590 requested information about past military service.  The defendant only listed "SFR Yugoslovia ... 1983-84."

**Count Two**

Count Two concerned a similar false statement contained on Form I-485, Application to Register as Permanent Resident or Adjust Status.  As with Count One, the indictment alleged that the defendant stated that his only military service was with the Yugoslav National Army.  The indictment further alleged that the statement was untrue because he had in fact served in the Army of the Republic of Srpska.

Part 3, section C of the Form requested a list of "present and past membership in or affiliation with" organizations, groups, clubs, etc.  The instructions specifically direct the applicant to "[i]nclude any foreign military service."  The defendant only listed "1983-1985 Yugoslovia military."

The defendant's argument is that the answers given were not false because he did not state that he served in no other army (he simply failed to list all his military service).  This argument was made to the jury.  In finding him guilty, the jury rejected the defendant's argument and his interpretation of the questions and the answers.  The jury, as the finder of fact, decided whether the answers were false.  They rejected an interpretation of the questions that was offered by the defense

that the questions asked for military service, but did not ask for *all* such service. Further, they rejected his argument that his answers were misleading, but not false, because he listed some, but not all of his previous service, but did not, by his answer, state that he had no other military service. (This is a difficult argument to make with reference to Count Two, because the I-485 Form directs the applicant to "[i]nclude *any* foreign military service." (emphasis added).)

"The jury must determine whether the question -- as the declarant must have understood it, giving it a reasonable reading -- was falsely answered." United States v. Lighte, 782 F.2d 367, 372 (2d Cir. 1986). "The test is ... an objective one." Id. "Whether an answer is literally true raises a factual question to be resolved by a jury." Lighte, 782 F.2d at 373.

Similarly, with reference to the defendant's argument that the questions are ambiguous and, therefore, the answers are not necessarily false, that was for the jury to decide; "where an answer may or may not be false depending upon possible interpretations of an ambiguous question, it is for the jury to decide whether the defendant has committed perjury." United States v. Fincan, 708 F.2d 838, 848 (1st Cir. 1983).

The defendant misinterprets the Supreme Court's holding in Bronston v. United States, 409 U.S. (1973); in that case, the Supreme Court "held only that a defendant cannot be convicted for

perjury for true but misleading statements, not that a defendant is immune from prosecution for perjury whenever some ambiguity can be found by an implausibly strained reading of the questions he is asked." United States v. Doherty, 867 F.2d 47, 69 (1st Cir. 1989).

The mere fact that a defendant can hypothesize different interpretations of a question (and thus raise a literal truth defense) does not make those questions "fundamentally ambiguous." "An answer that is responsive and false on its face does not come within Bronston's literal truth defense simply because the defendant can postulate unstated premises of the question that would make his answer literally true." United States v. Kehoe, 562 F.2d 65, 68-69 (1st Cir. 1977). See also United States v. Butt, 745 F.Supp. 34, 35 (D. Mass. 1990), convictions affirmed, 955 F.2d 77 (1st Cir. 1992).

In this case, the jury's determination was supported by the evidence.

It is not a rational interpretation of the questions (and therefore not objectively reasonable) that all that was asked is that he list *some* of his military service. First, space was provided for at least two responses on the Form relevant to Count One, and the form relevant to Count Two asked for "any." Second, it is illogical that a form that seeks such extensive information would allow an applicant to pick and choose amongst his personal

information, and disclose some facts, but not others. Third, the defendant's responses to other questions on the forms indicate that he understood that he was required to provide all instances that were responsive to a question. (See, e.g., his response to his educational background on the form relevant to Count One.) In addition, the jury heard evidence that he purposefully omitted information about his military history on the immigration forms, and admitted this to the agents in August 2005. The jury was also correct to reject the testimony of the defense's translator that the question relevant to Count One only intended to ask about mandatory service in the Yugoslav Army.

Finally, the testimony of Arti Gehani concerning the false statements alleged in Count Two does not change the result, and the defendant's reliance on United States v. Poutre, 646 F.2d 685 (1st Cir. 1980) is misplaced. The defendant was not charged with nor was he convicted of providing a false response to a question that was asked of him by Ms. Gehani. He was convicted of providing a false answer on a particular Immigration form. The specific question and his response was on the exhibit that was introduced and available for the jury's review. Ms. Gehani, unlike Frances Monin, was not an Immigration official. During her testimony, Ms. Gehani merely explained her usual practice in helping applicants complete the forms. The applicant signed the form acknowledging the truth of the responses – whether the forms

were filled in by the applicant or Ms. Gehani.  In establishing what happened in connection with the form submitted by the defendant, the evidence she provided included the fact that the defendant's command of English was good, that he was gainfully employed in jobs that required him to communicate with the public in English, and that he was able to call the International Rescue Committee and communicate with their volunteers concerning the status of his application.

For the reasons stated herein, the defendant's motions should be denied.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By:   /s/ Jeffrey Auerhahn
JEFFREY AUERHAHN and
KIMBERLY P. WEST
Assistant U.S. Attorneys

DATE: September 22, 2006


### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

 /s Jeffrey Auerhahn
Jeffrey Auerhahn
Assistant U.S. Attorney

Date: September 22, 2006