UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| v. | )   Cr. No.  04-10298-DPW |
| | ) |
| | ) |
| **MARKO BOSKIC** | ) |

**GOVERNMENT'S PRELIMINARY RESPONSE TO DEFENDANT'S OBJECTIONS TO PRE-SENTENCE REPORT AND DEFENDANT'S SENTENCING MEMORANDUM**

The United States files this preliminary response to address some of the arguments made by the Defendant in his Objections to the Pre-Sentence Report and in his Sentencing Memorandum.

**A.   The Use of Dissimilar Conduct as Basis for Upward Departure**

In his Objections to the Pre-sentence Report, the defendant cites United States v. Ramirez, 11 F.3d 10 (1st Cir. 1993), in support of his argument that the Court cannot base a criminal history upward departure on the Defendant's actions at Branjevo Farm because it is dissimilar to the offense of conviction.  The Defendant's reliance is misplaced.  In Ramirez, the court was dealing with subsection (E) of U.S.S.G. §4A1.3(a)(2), involving "[p]rior similar adult conduct" as information that could be relied on by a court in making a departure decision.  11 F.3d at 13.  The court was not dealing with the general provision set forth in §4A1.3(a)(1) ("If reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, an

upward departure may be warranted.)

In United States v. Brewster, 127 F.2d 22 (1st Cir. 1997), the Court of Appeals for the First Circuit held that "a criminal history departure can be based upon dissimilar conduct that was neither charged nor the subject of a conviction." 127 F.3d at 27.[1] Subsections (A) through (E) of §4A1.3(a)(2) list examples that are illustrative and not exhaustive. 127 F.3d at 26. See also United States v. Doe, 18 F.3d 41, 45-46 (1st Cir. 1994).

**B.    Foreign Conduct Can be the Basis for Departure**

In his Sentencing Memorandum, the Defendant cites two opinions from the Second Circuit in support of his argument that foreign conduct cannot be used in determining an appropriate sentence. United States v. Azeem, 946 F.2d 13 (2d Cir. 1991) and United States v. Chunza-Plazas, 45 F.3d 51 (2d Cir. 1995). The Defendant's reliance is unavailing.

In Azeem, the court held that drug deals that had no nexus to the United States could not be used to increase the defendant's base offense level under U.S.S.G. §1B1.3. 946 F.3d at 14. The United States is not arguing in this case that the Defendant's participation in murder is used to determine the base

---

[1] The Court's opinion in Ramirez pre-dated the United States Supreme Court's opinion in Koon v. United States, 518 U.S. 81 (1996). See Brewtser, 127 F.3d at 26; United Sattes v. Cox, 299 F.3d 143 (2d Cir. 2002) (discussing the affect of Koon on this issue, and implicitly overruling its own precedent that appeared to be consistent with the Defendant's interpretation of Ramirez.)

offense level.  Rather, as discussed in great detail in its sentencing memorandum, the United States is advocating that the Court evaluate that conduct as the basis for alternative arguments in support of upward departure (and deviation).  The court of appeals in Azeem ruled that the district court could not use the foreign conduct to determine the base offense level; however, because "the district court [has] broad discretion to consider any information concerning the defendant's background, character, or conduct when determining whether to increase the sentence within the Guidelines range or to depart upward from that range," the court can use foreign conduct as the basis for a departure. 946 F.2d at 18.

    In United States v. Cox, 299 F.3d 143 (2d Cir. 2002), the Court of Appeals for the Second Circuit questioned the continuing precedential value of the second case cited by the Defendant, Chunza-Plazas, in part, because since Chunza-Plazas the Supreme Court had decided Koon v. United States, 518 U.S. 81 (1996), which "propounded a flexible approach to considering the non-express bases for departure under the guidelines."  299 F.3d 147.[2]

---

[2] In addition, the Court in Cox, rather than explicitly overruling Chunza-Plazas, also noted that the decision in Chunza-Plazas was based, in part, on the inadequacy of and concern about the reliability of the government's proof.  299 F.3d at 147.

The difference between using foreign conduct to determine the offense level (which some[3] courts prohibit) and using the same foreign conduct to support an upward departure (which all courts appear to allow) is best illustrated in <u>United States v. Levario-Quiroz</u>, 161 F.3d 903 (5th Cir. 1998).  In <u>Levario-Quiroz</u>, the defendant pleaded guilty to illegal importation of a firearm into the United States and illegal entry into the United States.  Prior to his illegal entry, he shot and killed a man in Mexico, and then got into a shootout with Mexican Police.  He fled across the border and was arrested in Texas.  161 F.3d at 903.  In determining the offense level, the district court "used the cross reference in U.S.S.G. §2K2.1(c)(1), which authorized the application of U.S.S.G. §2X1.1 if the defendant used any firearm in another crime, which may be a federal, state or local offense."  <u>Id.</u>  The district court utilized the cross reference to assault with intent to commit murder and attempted murder.

The court of appeals reversed, holding that foreign conduct could not be the basis for application of the cross reference.  161 F.3d at 907.  However, the court stated that "the district court could well have departed upwards to impose similar sentences."  161 F.3d at 907.

---

[3] In <u>United States v. Dawn</u>, 129 F.3d 878 (7th Cir. 1997), the Court of Appeals for the Seventh Circuit held that the sentencing court *could* consider conduct that occurred outside the United States in applying a cross reference that would result in a higher offense level.

4

> In our opinion, this is an extraordinary illegal entry case that, because [the defendant] murdered a man in Mexico, took flight, shot at pursuing Mexican law officers with a deadly firearm, immediately prior to and for the purpose of bringing himself into the United States, "differs significantly from the 'heartland' cases covered by the guidelines in a way that is important to the statutory purposes of sentencing ... U.S.S.G. §5K2.0, comment.

161 F.3d 907.

Finally, just as the government has argued in the Sentencing Memorandum in this case, in <u>Levario-Quiroz</u>, the court of appeals stated further that

> in departing upward ... the sentencing court reasonably could have looked to analogous relevant conduct and offense guideline sections in determining the extent of the departure.

<u>Id.</u>

    Respectfully submitted,

    For the United States

    MICHAEL J. SULLIVAN
    United States Attorney

By:  <u>/s/ Jeffrey Auerhahn</u>
    KIMBERLY P. WEST
    JEFFREY AUERHAHN
    Assistant U.S. Attorneys

Dated: October 20, 2006

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that these documents filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

    <u>/s/ Jeffrey Auerhahn</u>
    Jeffrey Auerhahn
    Assistant U.S. Attorney